IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL MENDILLO | : | No. |
|        Petitioner | : | |
| | : | |
| v. | : | |
| GO BRANDS, INC. d/b/a | : | |
| GOPUFF | : | |
| | : | |
|        Respondent | : | |

**PETITION TO VACATE ARBITRATION AWARD
AND REMAND TO ARBITRATION**

Under 9 U.S.C. § 10, petitioner, Darryl Mendillo ("Mendillo"), respectfully submits this Petition to Vacate the Arbitration Award entered before the American Arbitration Association in Case Number 01-24-0008-3827 by Arbitrator Elliot B. Platt on November 20, 2025, and in support thereof states the following:

### Parties, Jurisdiction, and Venue

1.    Plaintiff Darryl Mendillo ("Mendillo" or "Plaintiff") is a former employee of GoPuff and resident of Mount Laurel, NJ. Mendillo is an active member of the New Jersey Army National Guard.

2.    Defendant GoBrands, Inc. d/b/a GoPuff ("GoPuff" or "Respondent") is a Pennsylvania corporation with an address of 537 N 3rd St, Philadelphia, PA 19123.

3.    Mendillo files this Petition pursuant to 9 U.S.C. § 10.

4.    This Court has jurisdiction under 9 U.S.C. § 10 and 28 U.S.C. § 1331.

5.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

Background

6. Mendillo is a former employee of Respondent in Philadelphia, Pennsylvania.

7. On or about September 17, 2024, Mendillo filed a complaint with this Court against Respondent with the federal district court against Respondent alleging violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301, et seq.("USERRA") protects the employment of servicemembers by providing them with job security while deployed. *See Mendillo v. GoBrands, Inc. d/b/a GoPuff*, No. 2:24-cv-04908 at ECF No. 1.

8. Mendillo is an active member of the New Jersey Army National Guard and hold the rank of Major.

9. GoPuff terminated Mendillo while he was deployed to Iraq in violation of USERRA.

10. On or about October 15, 2024, Mendillo voluntarily dismissed his complaint because of an arbitration clause that appeared in his employment contract with Respondent. A copy of Mendillo's employment agreement is attached at **Exhibit "1."**

11. Under Section 14 of the employment agreement, the arbitration of Mendillo's claims was to be administered by and through the American Arbitration Association ("AAA") according to the AAA's Employment Arbitration Rules then in effect.

12. Section 14 further states that the 9 U.S.C. § 1, et. seq., the Federal Arbitration Act, apply to the "interpretation, enforcement, and all proceedings pursuant to this arbitration agreement." *Id.*, § 14.

13. Thereafter, the parties proceeding to submit the dispute to the AAA.

14. The AAA appointed Francine Griesing as arbitrator.

15. On July 28, 2025, Respondent filed a "Motion for Summary Judgment" asking Arbitrator Griesing to dismiss Mendillo's claims with prejudice.

16. On August 25, 2025, Mendillo objected to the Motion for Summary Judgment on procedural grounds, specifically, he objected because the AAA's Employment Arbitration Rules did not permit a party to move for a summary dismissal of claims.

17. Arbitration Griesing scheduled a "Motion Hearing" on September 18, 2025, for Respondent's Motion for Summary Judgment.

18. At the hearing, undersigned counsel renewed Mendillo's objection to the summary judgment process and stated that Mendillo was being denied an impartial arbitration hearing by having his claims adjudicated on summary motion.

19. Arbitration Griesing responded angrily to counsel's objection. She berated counsel, promptly recused herself, and terminated the hearing. A copy of the AAA's notice of recusal for Arbitrator Griesing is attached at **Exhibit "2."**

20. The AAA then appointed Elliot B. Platt as the new arbitrator.

21. On October 17, 2025, Arbitrator Platt held a conference with the parties to discuss Respondent's Motion for Summary Judgment.

22. During that call, Mendillo renewed his objection to the Motion for Summary Judgment, the summary dispositions of claims, and demanding a hearing on the merits.

23. On November 20, 2025, Arbitrator Platt granted Respondent's Motion for Summary Judgment and dismissed Mendillo's claims. A copy of Arbitrator Platt's order on summary judgment is attached at **Exhibit "3."**

## Argument

24. Under 9 U.S.C. § 10, this Court may make an order vacating an arbitration award on the application of any party where "(1) the award was procured by . . . undue means, (3) where the arbitrator[]. . .refus[ed] to hear evidence pertinent and material to the controversy" or "(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3) and (4).

9   "[I]t has become axiomatic that a district court may vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence on the merits of the dispute. *Teamsters Loc. 312 v. Matlack, Inc.*, 118 F.3d 985, 995 (3d Cir. 1997)

10   An arbitrator's use of summary judgment to dismiss an arbitration constitutes refusal to hear material evidence and is a basis to vacate an arbitration award. *Chem-Met Co. v. Metaland Int'l, Inc.,* 1998 WL 35272368 (D.D.C. Mar. 25, 1998)

11      Under the employment agreement, the parties express agreed to use the AAA's Employment Arbitration Rules (the "AAA Rules"). A copy of the AAA Rules are attached at **Exhibit "4**."

12      The AAA Rules do not authorize the summary disposition of claims through summary judgment practice.

13      To the contrary, the AAA Rules entitle Mendillo to a hearing where evidence and witness are presented.

14      The AAA Rules contemplate that the parties claims will be adjudicated after a hearing where testimony and evidence is received in the presence of the arbitrator.

15      For example, Rule R-24 discusses attendance at a hearing.

16      Rule R-27 discusses the right of a party to make a stenographic record of the hearing.

17      Furthermore, Rule R-31 states the arbitrator shall conduct a hearing where the parties present evidence.

18      Moreover, Rule R-33(b) states "[a]ll evidence shall be taken in the presence of the arbitrator and all of the parties unless any of the parties is absent, in default, or has waived the right to be present."

19      The Rules also provide for a procedure for the parties to submit post-hearing evidence. See Rule R-34.

20  "[I]t is a bedrock principle that [in an arbitration] each party must be given a full opportunity to present its case at a hearing on the evidence. *Chem-Met Co.*, 1998 WL 35272368, at *4.

21  Mendillo was denied an opportunity to present his case at a hearing on the evidence.

22  Mendillo was denied "his day in court."

23  Arbitrator Platt decided this case on extrinsic evidence and evidence presented outside of hearing before him where evidence was received and taken.

24  In fact, Arbitrator Platt held no hearing at all.

25  Therefore, Arbitrator Platt violated R-33(b).

26  Arbitrator Platt acted improperly in granting summary judgment and exceeded his authority under the AAA Rules.

27  Mendillo repeated demanded that he be a full and fair opportunity to present his evidence at hearing.

28  However, Arbitrator Griesing and Arbitrator Platt each denied that request.

29  Mendillo was denied a fair and impartial evidentiary hearing.

30  Arbitrator Platt exceeded his powers under the AAA Rules.

31  The Court should vacate the arbitration award because Arbitrator Platt exceeded his powers by dismissing Mendillo's claims on summary judgment and by considering testimony and evidence that had not been presented before the arbitrator in violation of the AAA Rules.

32     The Court should further direct that the AAA conduct an impartial hearing where Mendillo can present evidence and testimony in support of his claims.

**WHEREFORE**, Petitioner, Darryl Mendillo, requests that this Court enter an Order vacating the arbitration and remanding the matter back the American Arbitration Association with instructions for it to hold an impartial evidentiary hearing according to the American Arbitration Association Employment Rules together with all other necessary and appropriate relief

                                                                           Respectfully submitted,

Dated:  December 19, 2025              */s/ Walter S. Zimolong*
                                                          WALTER S. ZIMOLONG, ESQUIRE
Attorney I.D. 89151
wally@zimolonglaw.com
James J. Fitzpatrick, Esquire.
Attorney I.D. 320497
james@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842