**AMERICAN ARBITRATION ASSOCIATION**

DARRYL MENDILLO

v.                                                    Case No. 01-24-0008-3827

GOBRANDS, INC. D/B/A GOPUFF

**ORDER ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Claimant, Darryl Mendillo, contends that GoBrands, Inc., d/b/a Gopuff, Respondent, violated federal and state law when it failed to re-employ him when he returned from active duty in the military service.

Mr. Mendillo was a member of the New Jersey National Guard when he was employed by Gopuff as a Software Engineer II in May, 2021. In May, 2023, he learned that he was to be deployed to active-duty status from January, 2024 to January, 2025.

In February, 2024, while Mr. Mendillo was on active duty, Gopuff promoted him to senior software engineer. For the first 90 days of his deployment, Gopuff paid him his full salary. Thereafter, until his position with Gopuff was eliminated in May, 2024, Gopuff paid him the difference between his army pay and his base pay with Gopuff.

Early in 2024, Gopuff decided to lay off workers to reduce costs; each department had to reduce costs by 50%. As a result of that decision 384 workers, including Mr. Mendillo, whose position was eliminated, were laid off in May, 2024.

Mr. Mendillo contends that Gopuff's failure to re-employ him when he returned from active duty violated the anti-discrimination provisions of the Uniformed Services Employment

- 1 -

and Reemployment Rights Act, 38 U.S.C. §§4301, et seq. ("USERRA"). Specifically, he invokes §§ 4311, 4312 and 4313.

Section 4311(a) provides in relevant part, "[a]person who is a member of ... a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership." Section 4311(b) provides,

> An employer may not discriminate in employment against or take any adverse employment action or other retaliatory action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

Section 4312(a) provides, in relevant part, "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter …."

Section 4313(a) sets out the "order of priority" for reinstating a returning service member.

Mr. Mendillo also claims violation of the Pennsylvania Military Affairs Act. That statute provides essentially the same rights as USERRA, *see* 51 Pa. C.S.A. § 7309(a), and is to be interpreted and applied "in conformity with" USERRA. *See* 51 Pa. C.S.A. § 103; *Murphy v. Radnor Twp.*, 542 Fed. App. 173, 180 (3d Cir. 2013). Therefore, this discussion will focus on federal precedent as governing both the federal and state law claims.

**Discrimination**

Mr. Mendillo argues that the failure of Gopuff to re-hire him after his active duty service violated the USERRA's guarantees. While they disagree about the result, the parties agree that the allocation of burdens under the statutes is important in evaluating Mr. Mendillo's claims.

> The plaintiff bears the initial burden of coming forward with admissible evidence from which a factfinder could reasonably conclude that military status was a "motivating factor"[1] in the employer's challenged adverse employment decision. *See Gordon v. Wawa, Inc.*, 388 F.3d 78, 84 (3d Cir.2004) (citing § 4311(c)(1)); *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp.2d 423, 439 (E.D.Pa.1998). If the employee has met this burden, "the burden then shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Coffman v. Chugach Support Serv., Inc.*, 411 F.3d 1231, 1238 (11th Cir.2005) [citations omitted].

*Gannon v. National R.R. Passenger Corp.*, 422 F. Supp.2d 504, 508 (E.D. Pa. 2006).

There is no evidence in the record to establish or even create a reasonable inference that Mr. Mendillo was not rehired because his military service was a "substantial or motivating factor". Gopuff knew he was in the military when he was hired. It paid him his full salary for the first 90 days of he deployment, though its policy did not require it to do so, it paid him the difference in his salary after the 90-day period until he was terminated, and it promoted him and gave him a raise while he was on active duty. Mr. Mendillo has not identified any evidence that suggests that his service was a motivating factor for his termination.

**Failure to Re-Employ**

Section 4312(a) of USERRA provides, in relevant part, a person who is returning from military service "is entitled to … reemployment rights and benefits … if — (3) … the person

---

[1] Or, in the words of *Potts v. Howard Univ. Hosp.*, 843 F. Supp.2d 101, 104 (D. D.C. 2012), "a substantial or motivating factor," as cited in Mr. Mendillo's brief. Claimantt's Response in Opposition to Respondent's Motion for Summary Judgment at 4.

reports to, or submits an application for reemployment to, such employer … ."   The service member "bears the burden of proving that he has satisfied the statutory requirements and is entitled to receive reemployment rights." *Shadle v. Superwood Corp.*, 858 F.2d 437, 439 (8th Cir. 1988).

> USERRA does not mandate the application be in a particular form, or even in writing, but it "should indicate that the employee is a former employee returning from service in the uniformed services and that he or she seeks reemployment with the pre-service employer." 20 C.F.R. § 1002.118. In determining whether an application is sufficient, "the critical inquiry always must be whether, considering all the circumstances, a reasonable employer would be put on notice that the applicant is a returning veteran who seeks reemployment." *Shadle*, 858 F.2d at 440.

*Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1005 (8th Cir. 2018).

There is no evidence to establish that Gopuff had notice that Mr. Mendillo was "a returning veteran who seeks employment." Mr. Mendillo admitted that he did not re-apply or, indeed, take any action to put Gopuff on notice that he sought to have his job back, or even that he had returned from active duty. He failed to meet an essential element of his cause of action.

In sum, Mr. Mendillo has offered no evidence that Gopuff discriminated against him because of his service. And it is undisputed that he failed to comply with the condition of seeking reemployment. Because Mr. Mendillo has failed to establish a *prima facie* case that his rights were violated, it is not necessary to address Gopuff's affirmative defenses.

**Conclusion and Order**

1. Gopuff's Motion for Summary Judgment is granted. Mr. Mendillo's claim is denied with prejudice.

2. In a telephone conference on October 17, Respondent's counsel referred to a motion he intended to file after the Motion for Summary Judgment was decided. Respondent shall file any

- 5 -

motion no later than December 4, 2025. Claimant shall file his response no later than December 15, 2025. Respondent shall file any reply no later than December 22, 2025.

November 20, 2025

_____

Elliot B. Platt, Arbitrator