**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARRYL MENDILLO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 2:25-cv-07184-GJP |
| | : |
| GOBRANDS, INC. d/b/a GOPUFF, | : |
| | : |
| Defendant. | : |

**DEFENDANT GOBRANDS, INC.'S OPPOSITION TO PLAINTIFF'S
PETITION TO VACATE ARBITRATION AWARD AND COUNTER-
<u>MOTION TO CONFIRM THE ARBITRATION AWARD</u>**

**FISHER & PHILLIPS LLP**

By:   */s/ Michael R. Galey*
Michael R. Galey, Esquire
Chelsea L. Smith, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
T: 610-230-2150
mgaley@fisherphillips.com
clsmith@fisherphillips.com

*Counsel for Defendant GoBrands, Inc.*

FP 61009648.5

**Table of Contents**

Table of Authorities....................................................................................................................... i

I.      INTRODUCTION .................................................................................................... 1

II.     PROCEDURAL AND FACTUAL HISTORY........................................................... 1

III.    LEGAL STANDARD FOR ENFORCING ARBITRATION AWARDS........................5

IV.     LEGAL ARGUMENT IN OPPOSITION TO PLAINTIFF'S PETITION........................ 7

     A.    The Arbitration Award was not Procured by Corruption, Fraud, or Undue Means ............ 8

     B.    The Arbitration Award was not the Result of Partiality or Corruption ............................... 8

     C.    The Arbitrators were not Guilty of Misconduct or Mis
            behavior that Prejudiced Either Party ................................................................... 9

     D.    Arbitrator Platt did not Exceed his Authority by Considering and Granting Summary
            Judgment ..................................................................................................................... 13

VI.     PLAINTIFF'S PURSUIT OF A MERITLESS PETITION HAS NEEDLESSLY
        INCREASED COSTS AND FEES.................................................................................. 17

VII.    CONCLUSION................................................................................................................. 18

## Table of Authorities

**Cases**                                                                                                    **Page(s)**

Badgerow v. Walters,
 596 U.S. 1 (2022).................................................................................................................16

Brentwood Med. Assocs. v. United Mine Workers of Am.,
 396 F.3d 237 (3d Cir. 2005).................................................................................................5, 6

Chem-Met Co. v. Metaland Int'l, Inc.,
 No. CIV.A. 96-02548(TAF), 1998 WL 35272368 (D.D.C. Mar. 25, 1998) ...........................12

CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.,
 463 F. Supp. 3d 525 (E.D. Pa. 2020), aff'd, 19 F.4th 236 (3d Cir. 2021) ................................14

Cuker v. Berezofsky,
 No. CV 18-2356, 2019 WL 689592 (E.D. Pa. Feb. 19, 2019)..................................................10

Dieffenbach v. Int'l Rehab. Associates, Inc.,
 150 F. App'x 178 (3d Cir. 2005) ..............................................................................................10

Dluhos v. Strasberg,
 321 F.3d 365 (3d Cir. 2003).......................................................................................................7

Hall St. Assocs., L.L.C. v. Mattel, Inc.,
 552 U.S. 576 (2008)......................................................................................................5, 6, 17

Hamilton v. Sirius Satellite Radio Inc.,
 375 F. Supp. 2d 269 (S.D.N.Y. 2005)......................................................................................10

Handley v. Chase Bank USA NA,
 387 F. App'x 166 (3d Cir. 2010) ................................................................................................6

Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.,
 585 F.3d 1341 (10th Cir. 2009) ................................................................................................17

Lerner v. Citigroup,
 838 F. App'x 682 (3d Cir. 2020) ................................................................................................9

Lynch v. Whitney,
 419 F. App'x 826 (10th Cir. 2011) ..........................................................................................17

Nowak v. Pennsylvania Pro. Soccer, LLC,
 156 F. Supp. 3d 641 (E.D. Pa. 2016)........................................................................................15

Popkave v. John Hancock Distributors LLC,
 768 F. Supp. 2d 785 (E.D. Pa. 2011)..........................................................................................7

i

Sherrock Bros. v. DaimlerChrysler Motors Co., LLC,
   260 F. App'x 497 (3d Cir. 2008) ...........................................................................10, 11, 12, 13

Simons v. Brown,
   444 F. Supp. 3d 642 (E.D. Pa. 2020), aff'd, No. 20-1814, 2022 WL 296636
   (3d Cir. Feb. 1, 2022).....................................................................................................10, 12, 17

Southco, Inc. v. Reell Precision Mfg. Corp.,
   556 F. Supp. 2d 505 (E.D. Pa. 2008), aff'd, 331 F. App'x 925 (3d Cir. 2009)
   ...........................................................................................................................5, 6, 14, 16, 17

Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,
   559 U.S. 662 (2010).....................................................................................................................7

Stone v. Bear, Stearns & Co.,
   872 F. Supp. 2d 435 (E.D. Pa. 2012), aff'd, 538 F. App'x 169 (3d Cir. 2013) ...............5, 9, 15

Sun Ship, Inc. v. Matson Navigation Co.,
   785 F.2d 59 (3d Cir. 1986)..........................................................................................................17

Sutter v. Oxford Health Plans LLC,
   675 F.3d 215 (3d Cir. 2012).........................................................................................................15

Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.,
   896 F.2d 745 (3d Cir. 1990).........................................................................................................15

Teamsters Local 312 v. Matlack, Inc.,
   118 F.3d 985 (3d Cir.1997).....................................................................................................12, 13

Wachovia Sec., LLC v. Brand,
   671 F.3d 472 (4th Cir. 2012) .........................................................................................................6

Defendant GoBrands, Inc. d/b/a GoPuff ("GoPuff" or "Defendant"), by and through its undersigned counsel, Fisher & Phillips LLP, hereby files this opposition to Plaintiff Darryl Mendillo's ("Plaintiff") Petition to Vacate Arbitration Award and Remand to Arbitration ("Plaintiff's Petition"), and, in addition, Defendant moves to confirm the arbitration award.  In support thereof, Defendant states as follows.

## I.    INTRODUCTION

Plaintiff's Petition is premised entirely upon misstatements of fact and law and, therefore, should be denied in its entirety.  Specifically, Plaintiff's Petition is premised upon the argument that an arbitrator does not possess the authority to grant summary judgment in an arbitration with the American Arbitration Association ("AAA").  This assertion is false, and is not grounded in the applicable rules, facts, or other law.  The rules applicable to the arbitration at issue, to which the parties agreed to be bound, plainly permit arbitrators to consider and grant dispositive motions.  Indeed, pursuant to the agreed-upon rules, the arbitrator has the *sole* discretion to allow *any* motion, and the arbitrator's decision is *final*.  Thus, Plaintiff's Petition should be denied, and the Arbitrator's November 20, 2025 Order on Respondent's Motion for Summary Judgment (the "Arbitration Award") should be confirmed.

## II.    PROCEDURAL AND FACTUAL HISTORY

Plaintiff commenced his initial action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on September 17, 2024 alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Pennsylvania Military and Veterans Affairs Act ("PMVAA").  See Plaintiff's Petition at p. 2, ¶ 7.[1]

---

[1]    Defendant provides both the page number and paragraph number when citing Plaintiff's Petition because, on page four of Plaintiff's Petition, the paragraph numbering goes from "24" back to "9."

1

On October 15, 2024, pursuant to the agreement between the parties, Plaintiff voluntarily dismissed the initial action from Federal Court and filed his Demand for Arbitration on October 25, 2024 with AAA.  See Plaintiff's Petition at p. 2, ¶ 10.

In the At-Will Employment, Confidential Information, Invention Assignment, Non-Competition, Non-Solicitation and Arbitration Agreement (the "Arbitration Agreement"), the Parties expressly agreed to use of the AAA's Employment/Workplace Arbitration Rules (the "AAA Employment Rules").  See Plaintiff's Petition at p. 2, ¶ 11; Exhibit 1 to Plaintiff's Petition at p. 10.  The AAA Employment Rules explicitly state: "[t]he arbitrator has the sole discretion to allow or deny the filing of a written motion, and the arbitrator's decision is final."  Exhibit 4 to Plaintiff's Petition at R-32(a).  Somehow Plaintiff's Petition completely ignores R-32, the AAA Employment Rules governing "Motions."  In fact, the AAA Employment Rules explicitly permit arbitrators to allow the filing of *dispositive motions* where the arbitrator has determined that the moving party has shown that the motion is likely to succeed.  Id. at R-32(b).

Following the commencement of the arbitration, AAA appointed Francine F. Griesing, Esquire to serve as the Arbitrator.  Plaintiff's Petition at p. 3, ¶ 14.  On January 14, 2024, Arbitrator Griesing held a preliminary management conference.  See January 14-15, 2025 e-mails from Arbitrator Griesing, true and correct copies of which are attached hereto as Exhibit A (hereinafter "Exhibit A").  During the conference, the parties and Arbitrator Griesing discussed, inter alia, proposed deadlines, *including deadlines for dispositive motions*.  Id.  Following the conference (which ended abruptly due to technical issues), Arbitrator Griesing asked the parties to work together to agree on a scheduling order and, separately, provided the parties with a template for the proposed scheduling order in her Preliminary Report and First Scheduling Order. Id.

Per Arbitrator Griesing's instructions, the parties conferred on January 17, 2025 and agreed upon a Proposed Scheduling Order.  See e-mails between counsel for the parties regarding proposed scheduling order, true and correct copies of which are attached hereto as Exhibit B (hereinafter "Exhibit B").  Notably, the Proposed Scheduling Order, ***to which Plaintiff agreed***, contained a deadline for dispositive motions.  Id.  Following submission of the Proposed Scheduling Order to Arbitrator Griesing, Arbitrator Griesing entered a Second Scheduling Order which, inter alia, incorporated the agreed upon deadline for dispositive motions.  See Second Scheduling Order, a true and correct copy of which is attached hereto as Exhibit C (hereinafter "Exhibit C").

The Second Scheduling Order was amended several times, and each amended scheduling order retained a deadline for dispositive motions.  See, e.g., Sixth Scheduling Order, a true and correct copy of which is attached hereto as Exhibit D (hereinafter "Exhibit D").  Pursuant to the Sixth Scheduling Order, discovery closed on July 18, 2025, and Defendant filed the Motion of Respondent GoBrands, Inc. d/b/a Gopuff for Summary Judgment and accompanying documents (the "Motion for Summary Judgment") on July 28, 2025.  Id.; Plaintiff's Petition at p. 3, ¶ 15; Brief in Support of the Motion for Summary Judgment, a true and correct copy of which is attached hereto as Exhibit E (hereinafter "Exhibit E").[2]  At no point during this entire process, from the preliminary management conference and Proposed Scheduling Order in January of 2025 to Defendant's filing of the Motion for Summary Judgment in July of 2025, did Plaintiff object to Arbitrator Griesing's authority to consider dispositive motions or the deadlines set by Arbitrator Griesing for the same.

---

[2]    Gopuff has submitted the summary judgment briefing without the exhibits attached thereto in an effort not to overburden the Court with unnecessary documentation.  Of course, if the Court wishes, Gopuff will provide the exhibits to the parties' summary judgment briefing.

3

Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgement (the "Opposition to Summary Judgement") was originally due on August 11, 2025, and, after several extensions granted at Plaintiff's request, Plaintiff submitted his Opposition to Summary Judgment on August 25, 2025. See Seventh and Eighth Scheduling Orders, true and correct copies of which are attached hereto as Exhibit F (hereinafter "Exhibit F"); see also Opposition to Summary Judgment, a true and correct copy of which is attached hereto as Exhibit G (hereinafter "Exhibit G"). In Plaintiff's Petition, he argues that he "objected to the Motion for Summary Judgment on procedural grounds . . . ." Plaintiff's Petition at p. 3, ¶ 16. This is misleading, at best. Plaintiff's Opposition to Summary Judgment was also a substantive (albeit unpersuasive) response to the Motion for Summary Judgment. Now, conceding that there are no substantive concerns with the Arbitration Award, the argument in Plaintiff's Petition is *entirely* procedural. In fact, the remedy Plaintiff seeks through his Petition is for this Court to order the parties to go back to arbitration to allow the finder of fact – the Arbitrator *who has already made a determination in this case* - to make it again.

Defendant timely submitted its reply in further support of the Motion for Summary Judgment on August 28, 2025. See Reply in Further Support of the Motion of Respondent GoBrands, Inc. d/b/a Gopuff for Summary Judgment, a true and correct copy of which is attached hereto as Exhibit H (hereinafter "Exhibit H"). Upon review of the briefings submitted by the parties, Arbitrator Griesing scheduled Oral Argument on the Motion for Summary Judgment on September 18, 2025. See Plaintiff's Petition at p. 3, ¶ 17.

During the September 18th oral argument on the Motion for Summary Judgment, Plaintiff's counsel accused Arbitrator Griesing of being partial. Plaintiff's Petition at p. 3, ¶ 18.

Following Plaintiff's counsel's accusation of partiality on the part of Arbitrator Griesing, Arbitrator Griesing recused herself.  Plaintiff's Petition at p 3, ¶ 19.

Following Arbitrator Griesing's recusal, Arbitrator Elliot Platt, Esquire was assigned as the arbitrator.  Plaintiff's Petition at p. 3, ¶ 20.  Arbitrator Platt held a telephone conference on October 17, 2025 regarding Defendant's Motion for Summary Judgment.  Plaintiff's Petition at p. 3, ¶ 21.  Following a second round of substantive oral argument on Defendant's Motion for Summary Judgment, on November 20, 2025, Arbitrator Platt granted Defendant's Motion for Summary Judgment in its entirety.  Plaintiff's Petition at p. 4, ¶ 23.  Arbitrator Platt explained the basis for his decision in the Arbitration Award.  See Exhibit 3 to Plaintiff's Petition.

On December 22, 2025, Plaintiff filed the Petition.  See Plaintiff's Petition.  In the Petition, Plaintiff alleges that it was improper for Arbitrator Platt to grant summary judgment because doing so allegedly denied Plaintiff a fair hearing and exceeded Arbitrator Platt's power as arbitrator.  Plaintiff's allegations are wholly without support in the law, and, for that reason, Plaintiff's Petition should be denied, and the Arbitration Award should be confirmed.

## III.  **LEGAL STANDARD FOR ENFORCING ARBITRATION AWARDS**

The mechanisms for enforcing arbitration awards come from the Federal Arbitration Act (the "FAA").  Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).  The FAA provides a strong presumption "in favor of enforcing arbitration awards."  Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005); see also 9 U.S.C.A. § 10; Southco, Inc. v. Reell Precision Mfg. Corp., 556 F. Supp. 2d 505, 508 (E.D. Pa. 2008), aff'd, 331 F. App'x 925 (3d Cir. 2009).  Courts reviewing an arbitration award "must afford the arbitrators' decision extreme deference."  Stone v. Bear, Stearns & Co., 872 F. Supp. 2d 435, 443 (E.D. Pa. 2012), aff'd, 538 F. App'x 169 (3d Cir. 2013).  As such, the grounds for vacatur under

5

the FAA are "exceedingly narrow."  Southco, 556 F. Supp. 2d at 509; see also Handley v. Chase Bank USA NA, 387 F. App'x 166, 168 (3d Cir. 2010).  Arbitration awards are "presumed valid unless it is affirmatively shown to be otherwise."  Brentwood, 396 F.3d at 241.  As the Fourth Circuit explained: "[t]he FAA notably does not authorize a district court to overturn an arbitral award just because it believes, however strongly, that the arbitrators misinterpreted the applicable law. When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree. Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes."  Wachovia Sec., LLC v. Brand, 671 F.3d 472, 478 n.5 (4th Cir. 2012) (internal citations omitted).

The exceedingly narrow grounds provided for vacatur under the FAA are:

(1)     Where the award was procured by corruption, fraud, or undue means;

(2)     Where there was evident partiality or corruption in the arbitrators, or either of them;

(3)     Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)     Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a)(1-4); Hall, 552 U.S. at 590 (holding that these enumerated grounds for vacating an arbitration award are exclusive when reviewing arbitration awards under the FAA). These grounds for vacatur under the FAA are so limited that the Third Circuit has observed "the net result of a court's application of this standard is generally to affirm easily the arbitration

6

award under this extremely deferential standard – a result that is squarely in line with the purpose behind the FAA where courts are tasked with reviewing an arbitration decision." Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003).

The party seeking to vacate the arbitration award bears the burden of proving such vacatur is warranted, a burden that the Supreme Court deemed a "high hurdle." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010); see also Popkave v. John Hancock Distributors LLC, 768 F. Supp. 2d 785, 791 (E.D. Pa. 2011).

## IV.    LEGAL ARGUMENT IN OPPOSITION TO PLAINTIFF'S PETITION

In his Petition, Plaintiff claims that the Arbitration Award should be vacated because Arbitrator Platt exceeded his authority by granting summary judgment. Plaintiff's Petition at p. 6, ¶ 26. Plaintiff's, however, fails to establish any of the four bases upon which the Court can vacate an arbitration award. Indeed, given that the entire basis of Plaintiff's Petition is an argument that the arbitrator did not have the authority to hear dispositive motions and given that the AAA Employment Rules vest the arbitrator with "sole discretion" to hear any motion and specify that the arbitrator's discretion is "final," there can be no serious claim that the arbitrator exceeded his authority in granting summary judgment. Thus, Plaintiff's argument is unsupported by the record or the law and, therefore, Plaintiff's Petition should be denied and the Arbitration Award should be confirmed.

As an initial matter, Plaintiff's arguments all derive from his misplaced belief that "the AAA Rules do not authorize the summary disposition of claims through summary judgment practice." Plaintiff's Petition at p. 5, ¶ 12. This claim is false. Contrary to Plaintiff's allegations, the AAA Employment Rules *expressly empower* arbitrators to hear, consider, and rule on dispositive motions. See Exhibit 4 to Plaintiff's Petition at R-32 Motions. Rule 32 of the

AAA Employment Rules, which governs motions, including dispositive motions, reads, in part: "The arbitrator has the **_sole discretion_** to allow or deny the filing of a written motion, and the arbitrator's decision is **_final_**." Id. at R-32(a) (emphasis added). In fact, the AAA Employment Rules explicitly permit arbitrators to allow the filing of **_dispositive motions_** where the arbitrator has determined that the moving party has shown that the motion is likely to succeed, as it did here. Id. at R-32(b).

Thus, Arbitrators Griesing and Platt were directly authorized by the applicable rules – **_to which Plaintiff agreed_** – to permit the filing of the Motion for Summary Judgment and to grant the same. Moreover, the AAA Employment Rules specify that the arbitrator has the "sole discretion" to decide whether to allow a motion for summary judgment and that the arbitrator's decision is "final." Id. Thus, Plaintiff's claims that Arbitrator Platt exceeded his authority by granting summary judgment are without any legitimate basis, and are nothing more than his **_third_** attempt at ongoing forum shopping.

### A. The Arbitration Award was not Procured by Corruption, Fraud, or Undue Means

The first basis upon which a court can vacate an arbitration award is where the award was procured by corruption, fraud, or undue means. 9 U.S.C.A. § 10(a)(1). Plaintiff has not argued that the Arbitration Award was improperly procured, nor has he produced any evidence to suggest that the Arbitration Award was improperly procured. See generally, Plaintiff's Petition. Thus, Plaintiff cannot establish the first basis for vacating an arbitration award.

### B. The Arbitration Award was not the Result of Partiality or Corruption

The second basis upon which a court can vacate an arbitration award is where "there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C.A. § 10(a)(2). Plaintiff has not alleged that the Arbitration Award was procured through partiality or corruption,

8

nor has Plaintiff provided evidence of partiality or corruption on behalf of either Arbitrator Griesing or Arbitrator Platt.  See generally, Plaintiff's Petition.  In fact, as Plaintiff's sets forth in his Petition, upon Plaintiff's accusation of partiality towards Arbitrator Griesing, Arbitrator Griesing recused herself and was replaced by Arbitrator Platt, who issued the Arbitration Award.  Thus, Plaintiff cannot establish the second basis for vacating an arbitration award.

### C. The Arbitrators were not Guilty of Misconduct or Misbehavior that Prejudiced Either Party

The third ground upon which a court can vacate an arbitration award is where "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C.A. § 10(a)(3).  "The Third Circuit has set an extremely high bar for vacatur-worthy 'misbehavior.'"  Stone, 872 F. Supp. 2d at 449-450.  In order to vacate an award under Section 10(a)(3), it is the petitioner's burden to show, "misconduct so severe that it denies the aggrieved party of a fundamentally fair hearing."  Id. at 450.

While not entirely clear from Plaintiff's Petition, Plaintiff seems to claim that, by resolving this matter through summary judgment, Arbitrator Platt committed misconduct by failing to hear evidence and/or failing to hold a hearing.  See generally, Plaintiff's Petition.  This allegation fails because it lacks foundation in both law and logic.  As an initial matter, Plaintiff has not identified any evidence that Arbitrator Platt allegedly failed to hear.  See Lerner v. Citigroup, 838 F. App'x 682, 686 (3d Cir. 2020) (holding that the District Court properly dismissed plaintiff's allegations of arbitrator misconduct where plaintiff did not explain what evidence the arbitrator allegedly failed to hear).  Indeed, a review of the record demonstrates that Plaintiff was given a full opportunity to gather and present evidence and *did*, in fact, present

evidence with his Opposition and during both oral arguments with Arbitrators Griesing and Platt, respectively. See Petition at p. 3, ¶¶ 17, 21; Exhibit G. Plaintiff even received extensions of time to allow him to fully brief his Opposition. See Exhibits D and F. Thus, there is no evidence that Plaintiff was denied any opportunity to submit evidence pertinent to the Motion for Summary Judgment.

To the extent that Plaintiff alleges that Arbitrator Platt's granting of summary judgment deprived him of a fair hearing, that argument fails as well. As previously explained, the agreed-upon rules governing the arbitration of this matter expressly provide for the hearing and granting of dispositive motions. See Exhibit 4 to Plaintiff's Petition. The mere act of granting dispositive motions, especially when the rules governing the arbitration proceedings provide for such resolution, does not deprive a party of any fundamental right, and courts have routinely upheld arbitration awards in the form of summary judgment. See Sherrock Bros. v. DaimlerChrysler Motors Co., LLC, 260 F. App'x 497, 502 (3d Cir. 2008) (granting summary judgment was within AAA arbitrators' authority, "and fundamental fairness is not implicated by an arbitration panel's decision to forego an evidentiary hearing because of its conclusion that there were no genuine issues of material fact in dispute."); Dieffenbach v. Int'l Rehab. Associates, Inc., 150 F. App'x 178, 180 (3d Cir. 2005) (holding that the arbitrator was not required to hold a hearing where the governing rules permitted summary disposition); Simons v. Brown, 444 F. Supp. 3d 642, 657 (E.D. Pa. 2020), aff'd, No. 20-1814, 2022 WL 296636 (3d Cir. Feb. 1, 2022) (denying petition to vacate AAA arbitrator's grant of summary judgment); Cuker v. Berezofsky, No. CV 18-2356, 2019 WL 689592, * 6 (E.D. Pa. Feb. 19, 2019) (holding that the plaintiff's claim that arbitrators, "are not authorized to grant summary disposition of a case without a hearing," was "not the law in this Circuit."); Hamilton v. Sirius Satellite Radio Inc., 375 F. Supp. 2d 269, 278 (S.D.N.Y.

10

2005) (confirming AAA arbitrator's grant of summary judgment in a case involving claims under the FMLA); <u>Matter of Arb. between InterCarbon Bermuda, Ltd. & Caltex Trading & Transp. Corp.</u>, 146 F.R.D. 64, 74 (S.D.N.Y. 1993) (confirming arbitrator's award of summary judgment because 'the arbitrator's conclusion that no live hearings were necessary to resolve the contract issue in this case was not fundamentally unfair.").

The Third Circuit's holding in <u>Sherrock</u> is particularly instructive. Therein, the plaintiff appealed the District Court's order denying its petition to vacate an arbitration award which granted summary judgment to defendant. <u>Sherrock</u>, 260 F. App'x at 498. As part of its appeal, the plaintiff in <u>Sherrock</u> claimed the arbitration panel "abused and exceeded its powers" under the FAA by granting summary judgment. <u>Id.</u> at 501. The Third Circuit held, however, that "fundamental fairness is not implicated by an arbitration panel's decision to forego an evidentiary hearing because of its conclusion . . . that there were no genuine issues of material fact in dispute," as is the case here. <u>Id.</u> at 502. The <u>Sherrock</u> Court further noted that, "an evidentiary hearing will not be required just to find out whether real issues surface in a case." <u>Id.</u> at 502. Thus, the Third Circuit in <u>Sherrock</u> concluded that the plaintiff's claim of misconduct was unsupported and affirmed the District Court's ruling confirming the arbitration award. <u>Id.</u> at 502.

Notably, the arbitration at issue in <u>Sherrock</u> was conducted under the AAA Commercial Rules, which, at the time and unlike the AAA Employment Rules at issue in this case, did ***not*** include an explicit rule granting arbitrators the authority to decide on dispositive motions. <u>Id.</u> at 501. Even in the absence of such a rule permitting dispositive motions, the Third Circuit held that granting summary judgment fell within the "flexibility and discretion" afforded to AAA arbitrators. <u>Id.</u> at 502. Here, Plaintiff's failure is even more apparent because, unlike <u>Sherrock</u>,

11

the applicable rules **_do_** expressly grant Arbitrator Platt the authority to consider and grant dispositive motions. Thus, Plaintiff's contention that Arbitrator Platt committed misconduct by considering and granting a dispositive motion, where the applicable rules expressly granted Arbitrator Platt the authority to do so, is unsupported by the law or facts and fails accordingly.

The two cases cited in Plaintiff's Petition in support of his argument – Teamsters Local 312 v. Matlack, Inc., 118 F.3d 985 (3d Cir.1997) and Chem-Met Co. v. Metaland Int'l, Inc., No. CIV.A. 96-02548(TAF), 1998 WL 35272368 (D.D.C. Mar. 25, 1998) are misplaced for several reasons, including those already noted by the Third Circuit. Like Plaintiff, the plaintiff in Sherrock primarily relied on these two cases to make the argument that the FAA requires an evidentiary hearing to determine the merits of the case, and the Third Circuit rejected this argument. Sherrock, 260 F. App'x at 502.

Plaintiff's reliance on Chem-Met Co. v. Metaland Int'l, Inc., an unpublished case out of the District of Columbia, is misplaced for three reasons. First, it was decided under different AAA rules that did not explicitly embrace dispositive motions as the AAA Employment Rules do. See Chem-Met Co., 1998 WL 35272368 at *2. Second, the summary judgment motion at issue in Chem-Met was heard prior to the close of discovery and no written opinion was issued. Id. at * 1-2. Third, courts in this Circuit have explicitly rejected plaintiffs' reliance on Chem-Met to claim that arbitrators cannot grant summary judgment. See Simons, 444 F. Supp. 3d at 652-65; see also Sherrock, 260 F. App'x at 501-502.

Likewise, Plaintiff's reliance on Teamsters Local 312 v. Matlack, Inc., is misplaced for three reasons. First, the arbitration in Teamsters was conducted pursuant to the terms of the parties' collective bargaining agreement, thus the FAA was not binding in that matter as it is in this matter. Teamsters Local 312, 118 F.3d at 995. Second, the circumstances at issue in

12

Teamsters Local 312 are distinguishable from this matter.  In Teamsters Local 312, the arbitrator rendered judgment on the matter after expressly assuring the parties he would not do so until both sides had an opportunity to present the merits of their cases.  Id. at 996.  This case is not such a situation where the arbitrator, "told the parties one thing and, albeit mistakenly, did another."  Id. at 996.  To the contrary, the arbitrators did exactly what both parties agreed *and* rendered a judgment *after* both sides had an opportunity to present the merits of their cases, as the arbitrator in Teamsters Local 312 promised.  Plaintiff, from the outset of this matter, agreed that dispositive motions would be heard in this matter.  Exhibit B.  Both parties conducted discovery and fully briefed their positions on summary judgment.  Exhibits E; Exhibit F; Exhibit G.  Arbitrator Platt heard argument and considered both parties' submissions as evidenced by his reference to both Plaintiff's and Defendant's submissions in his Order.  Plaintiff's Petition at p. 4, ¶ 23; Exhibit 3 to Plaintiff's Petition.  Third, Plaintiff's reliance on Teamsters Local 312 for his argument that Arbitrator Platt denied him a fair hearing by granting summary judgment is unavailing because the Third Circuit rejected that same argument in Sherrock.  260 F. App'x at 502.

Thus, based on the foregoing, Plaintiff cannot establish that the arbitrator engaged in misconduct.  As such, this Court should deny Plaintiff's petition and, instead, confirm the Arbitration Award.

**D. Arbitrator Platt did not Exceed his Authority by Considering and Granting Summary Judgment**

The fourth, and final, basis upon which a court can vacate an arbitration award is where: "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C.A. § 10(a)(4).  Plaintiff argues that Arbitrator Platt exceeded his authority by considering and granting

13

Defendant's Motion for Summary Judgment.  Plaintiff's Petition at p. 6, ¶ 30.  Given that the AAA Employment Rules expressly permit dispositive motions, Plaintiff's argument fails.

An arbitrator exceeds their authority under §10(a)(4) of the FAA if they: a) decide an issue not submitted to them; (b) grant relief that cannot be rationally derived from the parties' arguments and submissions; or (c) issues an award that is completely irrational.  See CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 463 F. Supp. 3d 525, 534-35 (E.D. Pa. 2020), aff'd, 19 F.4th 236 (3d Cir. 2021).  It is not enough that a court considering the same evidence might have reached a different result.  See Southco, 556 F. Supp. 2d at 511.  To vacate an arbitration award under §10(a)(4), "[t]here must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award."  CPR, 463 F. Supp. 3d at 535.

When a party seeks to vacate an award by alleging that the arbitrator exceeded their power, the Third Circuit applies the following two-part analysis.  First, "the court must examine the form of the relief awarded to determine if it is rationally derived either from the agreement between the parties or from the parties' submissions to the arbitrator(s)."  Southco, 556 F. Supp. 2d at 511.  Second, "the court must determine whether the terms of the relief are rational."  Id. Notably, Plaintiff has not provided any evidence of or argument on the Arbitration Award's rationality based on the parties' submissions to the arbitrators.

Only when a court finds the terms of an arbitration award to be "completely irrational," can the award be set aside.  Id.  For arbitration awards to be found "completely irrational," there must be more than a finding that the arbitrator erred, instead, a court must find that the arbitrator's decision "escaped the bounds of rationality."  Id. at 511-512 (denying motion to vacate brought "under the guise that the arbitrators exceeded their power," where review of the

14

decision demonstrated the award to be "well-reasoned."). When a court reviews an arbitrator's factual findings, the question is, "not whether those findings were supported by the weight of the evidence or even whether they were clearly erroneous. All that is required is some support in the record." Nowak v. Pennsylvania Pro. Soccer, LLC, 156 F. Supp. 3d 641, 644 (E.D. Pa. 2016) (citing Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am., 896 F.2d 745, 748 (3d Cir. 1990)).

The bar for proving that an arbitrator exceeded their authority is so high that, in the Third Circuit, "so long as an arbitrator makes a 'good faith attempt' to comply with his or her mandate, 'even serious errors of law or fact will not subject [the arbitrator's] award to vacatur.'" Stone, 872 F. Supp. 2d at 451 (citing Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 220 (3d Cir. 2012)).

As explained in detail above, the AAA Employment Rules expressly permit arbitrators to hear dispositive motions. See Exhibit N. Additionally, it was made known from the initial case conference and subsequent scheduling orders that the arbitrator in this matter would consider dispositive motions as there were specific deadlines with regard to the same to which ***both parties agreed***. Every revised scheduling order likewise contained deadlines for dispositive motions. Therefore, Arbitrator Platt's authority to hear the Motion for Summary Judgment was rationally derived from the agreement of the parties to utilize the AAA Employment Rules from those Rules themselves.

Likewise, the Arbitration Award is rationally derived from the Parties' submissions on the Motion for Summary Judgment. Plaintiff presents no evidence to suggest otherwise, nor does he cite any cases where a court has held that an arbitrator's award was irrational. Plaintiff's Petition does not identify any "irrational" aspect to the arbitration award at all. At most, Plaintiff alleges

15

that "Arbitrator Platt decided this case on extrinsic evidence and evidence presented outside of hearing before him where evidence was received and taken," but that is without support in the record.  See Plaintiff's Petition, ¶ 23.  Plaintiff does not identify any such extrinsic evidence, and the plain text of the Arbitration Award shows that all facts, statutory provisions, and caselaw relied upon by Arbitrator Platt came directly from the Parties' submissions.  See Exhibit E; Exhibit G; Exhibit H; and Exhibit 3 to Plaintiff's Petition.

The record demonstrates that this is a case where, "the Arbitrator reached a well-reasoned decision, "appropriately derived from both the written agreements and the parties' arbitration memoranda, and well within the bounds of rationality."  Southco, 556 F. Supp. 2d at 511-512. (denying motion to vacate arbitration award where plaintiff based their motion to vacate "under the guise that the arbitrators exceeded their powers," when "said motion [was] really a challenge to the arbitrators' factual and legal determinations.").

Therefore, based on the foregoing, Plaintiff has failed to meet his high bar of proving that Arbitrator Platt exceeded his authority.  Thus, the Petition to Vacate should be denied, and the Arbitration Award confirmed accordingly.

## V.   COUNTER-MOTION TO CONFIRM THE ARBITRATION AWARD

The FAA also provides an avenue for the confirmation of arbitration awards.  See 9 U.S.C. § 9; see also Badgerow v. Walters, 596 U.S. 1, 4 (2022).  Under § 9 of the FAA, "an application may be made to the United States court in and for the district within which such award was made."  As the Supreme Court has ruled, "under the terms of § 9, a court 'must'

16

confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11," of the FAA. Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).

Plaintiff has not demonstrated any grounds upon which the Arbitration Award should be vacated, modified, or corrected, and the Arbitration Award must be confirmed accordingly. See Southco, 556 F. Supp. 2d at 512 (granting the motion to confirm the arbitration award where the motion to vacate was denied); see also Simons v. Brown, 444 F. Supp. 3d 642, 657 (E.D. Pa. 2020), aff'd, No. 20-1814, 2022 WL 296636 (3d Cir. Feb. 1, 2022) (granting the motion to confirm the arbitration award where the motion to vacate was denied). As such, Defendant respectfully requests that the Court enter an order confirming the Arbitration Award.

## VI.    PLAINTIFF'S PURSUIT OF A MERITLESS PETITION HAS NEEDLESSLY INCREASED COSTS AND FEES

Plaintiff's pursuit of a meritless petition to vacate the Arbitration Award comes at a cost. Recognizing this, courts have issued sanctions for similarly ill-founded petitions to vacate arbitration awards under 28 U.S.C.A. § 1927, which states that "an attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See Lynch v. Whitney, 419 F. App'x 826, 839 (10th Cir. 2011) (awarding § 1927 sanctions where the sanctioned party "stubbornly refused to honor" the arbitration panel's decision, "even though they ha[d] no realistic basis for overturning it."); Int'l, Inc. v. Qwest Commc'ns Int'l, Inc., 585 F.3d 1341, 1346 (10th Cir. 2009) (finding that § 1927 sanctions were "warranted" to compensate the prevailing party for the "unnecessary legal fees it was forced to spend defending the arbitration award on appeal."); see also Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 64 (3d Cir. 1986) (awarding sanctions under the Federal Rules of Appellate Procedure where the

17

sanctioned party pursued an appeal of an arbitration award that "from the beginning was utterly without merit"). Thus, based on the frivolous nature of Plaintiff's Petition, Defendant is entitled to sanctions.

## VII.    <u>CONCLUSION</u>

Plaintiff has failed to present any evidence that would come close to the "high hurdle" necessary to vacate an Arbitration Award. Neither Plaintiff's vague allegations, which are entirely unsupported by the AAA Employment Rules he cites, the record, nor the caselaw of this Circuit warrant vacatur of the Arbitration Award. As such, Plaintiff's Petition should be denied and GoPuff's counter-motion to confirm the Arbitration Award should be granted.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Date: February 5, 2026

By: */s/ Michael R. Galey*
Michael R. Galey, Esquire
Chelsea L. Smith, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
T: 610-230-2150
mgaley@fisherphillips.com
clsmith@fisherphillips.com

*Counsel for Defendant*
*GoBrands, Inc.*

18

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael R. Galey, Esquire, hereby certify that on February 5, 2026, a true and correct copy of Defendant GoBrands, Inc.'s Opposition to Plaintiff's Petition to Vacate Arbitration Award and Counter-Motion to Confirm the Arbitration Award was filed electronically which the Clerk of the Court using the Court's CM/ECF system, which will serve a copy of such filing on the following:

Walter S. Zimolong, Esquire
Meaghan R. Wagner, Esquire
Zimalong LLC
P.O. Box 552
Villanova, PA 19085-0552
wally@zimolonglaw.com
meaghan@zimolonglaw.com

*Attorneys for Plaintiff*

_/s/ Michael R. Galey_
Michael R. Galey

19