# EXHIBIT E

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| DARRYL MENDILLO, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | NO. 2:24-CV-04908 |
| | : | |
| GOBRANDS, INC. d/b/a GOPUFF, | : | Arbitrator Francine F. Griesing, Esq. |
| | : | |
| | : | |
| Respondent. | : | |

**BRIEF IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT
OF RESPONDENT GOBRANDS, INC. D/B/A GOPUFF**

Respondent, GoBrands, Inc. d/b/a Gopuff ("Gopuff" or "Respondent"), by and through

its undersigned counsel, Fisher & Phillips LLP, and pursuant to the American Arbitration

Association Employment Rules and Mediation Procedures, submits this brief in support of the

Motion for Summary Judgment of Respondent GoBrands, Inc. d/b/a Gopuff (the "Motion").

**I.        INTRODUCTION**

Claimant Darryl Mendillo ("Claimant") was employed by Gopuff as a Senior Software

Engineer responsible for the driver forecasting portal until his position was eliminated in 2024 as

part of a reduction in force that eliminated over 50% of the positions within Gopuff's

Headquarters ("HQ").  Throughout his employment with Gopuff, Claimant was also a member of

the New Jersey Army National Guard.  At the time the reduction in force took place, Claimant

was on active-duty deployment.

Despite the well-documented fact that Claimant's employment with Gopuff ended

because his position was eliminated as part of a large-scale reduction in force, Claimant brought

claims against Gopuff alleging discrimination and failure to rehire in violation of the Uniformed

Services Employment and Reemployment Rights Act ("USERRA") and the Pennsylvania

Military Affairs Act (the "PMAA"), incorrectly named the Pennsylvania Military and Veteran Affairs Act in Claimant's Complaint. Claimant cannot demonstrate, however, that Gopuff eliminated his position during the reduction in force in violation of USERRA or the PMAA.

Claimant testified that he was suing Gopuff solely because it terminated his employment while he was on protected leave. That fact, alone, however, is insufficient to establish Claimant's claims. The law does not require that Claimant's position be preserved because of his leave status where his position would otherwise be eliminated. In fact, USERRA's implementing regulations explicitly contemplate that the application of USERRA's reemployment provisions may result in the termination of a service member's employment where that employment would be terminated irrespective of the employee's military leave. 20 C.F.R. §1002.194.

There is no dispute that Claimant's employment would have been terminated irrespective of his military service. First, Claimant did not testify that his employment was terminated *because of* his military service nor has Claimant produced evidence that the termination of his employment was related to his military service in any way. In fact, Claimant admits that he chose to work at Gopuff because of its support for his military service, was paid for his military leave despite Gopuff's policy indicating that military leave is unpaid, and was even promoted while deployed on active duty.

Further, there is no dispute that Claimant's position was eliminated and his employment was terminated in connection with a well-documented reduction in force that led to the termination of approximately 384 HQ employees, out of 738 eligible HQ employees, including:

- 156 employees in Claimant's Department, the IT Department;

- 86 other Software Engineers; and

- 31 other Senior Software Engineers.

In fact, almost a quarter of all employees included in the reduction in force at issue were Software Engineers at various levels.

Likewise, Claimant cannot establish that Gopuff failed to comply with the rehiring obligations under USERRA.  First, Claimant failed to reapply for employment, as required by the statute, which is fatal to his claims.  Second, Claimant's appropriate employment status under USERRA's escalator principle was termination, consistent with USERRA's implementing regulations, which expressly provide that termination can be an appropriate status under the rehiring provisions if that is the position Claimant would have held but for his military service. Moreover, Claimant acknowledges that, under certain circumstances, an employer is not required to rehire a servicemember under USERRA.  Specifically, Claimant testified that the obligation to rehire is excused when "it is impossible or does not fit the current business model to reemploy them."

Against this backdrop, Claimant has failed to meet several of the required elements of his claims for discrimination and failure to rehire under USERRA and the PMAA.  Claimant has failed to present any evidence that the termination of his employment was based on his military service.  Thus, Claimant's discriminatory termination claims fail.  Similarly, Claimant has failed to present evidence that Gopuff failed to meet its obligations under USERRA's rehiring provisions.  Moreover, even if Claimant had made such a showing, Gopuff is entitled to judgment in its favor because the reduction in force posed sufficient change in circumstances as to warrant not reinstating Claimant (if he had actually sought reinstatement).  Thus, Claimant's failure to rehire claims also fail.  As such, Gopuff, by and through its undersigned counsel, respectfully requests that the Arbitrator grant the Motion and enter judgment in Respondent's favor as to all claims in Claimant's Complaint.

II.    **PROCEDURAL HISTORY**

On September 17, 2024, Claimant filed his Complaint in the Eastern District of Pennsylvania alleging violations of §§ 4311, 4312, and 4313 of USERRA as well as §7309 of the PMAA related to Claimant's termination from employment as part of a May 2024 reduction in force.  Claimant filed his Demand for Arbitration on October 25, 2024 attaching his Complaint.

III.    **FACTUAL BACKGROUND**

Gopuff incorporates the Statement of Undisputed Facts of Respondent GoBrands, Inc. d/b/a Gopuff in Support of the Motion of Respondent GoBrands, Inc. d/b/a Gopuff for Summary Judgment (hereinafter "SOF") as though fully set forth herein.

IV.    **LEGAL ARGUMENT**

A.    **Legal Standard for Grant of Summary Judgment**

Summary judgment is appropriate where, as here, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265, 323 (1986); McGlotten v. Omnimax Int'l, Inc., 657 F. Supp. 3d 663, 671 (E.D. Pa. 2023).

An issue is only "genuine" when "the evidence is such that a reasonable jury[/arbitrator] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); McDonald-Witherspoon v. City of Philadelphia, 481 F. Supp. 3d 424, 438 (E.D. Pa. 2020).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law."  Id.

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing summary judgment "cannot rely merely upon bare assertions, conclusory allegations or suspicions," to support their claims.  Pugh v. Cmty. Health Sys., Inc., 681 F. Supp. 3d 416, 433 (E.D. Pa. 2023). Likewise, "the mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient*."* Id. citing Daniels v. Sch. Dist. of Philadelphia, 776 F.3d 181, 192 (3d Cir. 2015).

When the non-moving party bears the burden of proof at arbitration, the moving party can demonstrate that there is no genuine issue of material fact by "pointing out to the [tribunal] that there is an absence of evidence to support the non-moving party's case." Celotex,, 477 U.S. at 325 (1986).  The party opposing the motion must then reply with factual specificity and "may not simply restate the allegations made in its pleadings or merely rely upon self-serving conclusions, unsupported by specific facts in the record." Marshall v. Sisters of Holy Fam. of Nazareth, 399 F. Supp. 2d 597, 598 (E.D. Pa. 2005).

The requirement that the party opposing the motion "support each essential element with concrete evidence in the record… upholds the 'underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Marshall, 399 F. Supp. 2d at 598 (E.D. Pa. 2005) (quoting Walden v. Saint Gobain Corp., 323 F.Supp.2d 637, 641 (E.D.Pa.2004)). Consequently, summary judgment in favor of a respondent is appropriate where a claimant fails to offer any evidence, beyond his own testimony, to support his claims.  See Jones v. School Dist. of Philadelphia, 198 F.3d 403, 414 (3d Cir. 1999).

**B.      Summary Judgment Should be Granted in Favor of Gopuff on Claimant's Discriminatory Termination Claims Because Claimant has not Established a *Prima Facie* Claim of Discrimination in Violation of USERRA or the PMAA.**

Despite alleging a claim for discriminatory termination in his Complaint, Claimant has produced no evidence to support such a claim and did not allege such a claim during his deposition. See SOF at ¶¶ 4, 48-49. Frankly, given Claimant's testimony that his claims are solely based on the fact that he was on military leave when he was terminated, and not that some discriminatory animus existed regarding his military service and/or leave, the inquiry regarding this claim can end here.

Even if Claimant had testified that his termination was discriminatory, however, he cannot sustain his burden of establishing such discrimination with the record evidence. Therefore, the Arbitrator should enter judgment against Claimant and in favor of Gopuff as to Count II and III of Claimant's Complaint.[1]

38 U.S.C.A. § 4311 prohibits employers from discriminating against any person because of their military service. Analysis of a § 4311 discrimination claim proceeds in two parts. Gannon v. Nat'l R.R. Passenger Corp., 422 F. Supp. 2d 504, 508 (E.D. Pa. 2006). First, the plaintiff, "bears the initial burden of coming forward with admissible evidence from which a factfinder could reasonably conclude that their military service was a 'motivating factor' in the employer's challenged adverse employment decision." Gannon, 422 F. Supp. 2d at 508

---

[1]      The PMAA states that "it shall be in conformity with all acts and regulations of the United States affecting the same subjects, and all provisions of this title shall be construed to effectuate this purpose." 51 Pa. Stat. and Cons. Stat. Ann. § 103. Thus, Claimant's claims of discrimination in violation of the PMAA are reviewed consistent with, and fail on the same grounds as, his claims under USERRA. Murphy v. Radnor Twp., 542 F. App'x 173, 180 (3d Cir. 2013) (holding that the PMAA is interpreted in conformity with USERRA).

(emphasis added); see also Vargas v. Computer Scis. Corp., No. CV 16-2824, 2017 WL 2935757 at *4 (E.D. Pa. July 10, 2017); see also 38 U.S.C.A. § 4311(c)(1).

A claimant can establish that their military service was a motivating factor in the adverse employment action through direct or circumstantial evidence. Circumstantial evidence to be considered includes: "the employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, the disparate treatment of certain employees compared to other employees with similar work records, the proximity in time between exercising the protected activity and the adverse action, the employer's failure to follow its own policies, inconsistencies between the employer's proffered reason and its other actions, and the employer's history of discrimination." Munoz v. InGenesis STGI Partners, LLC, 182 F. Supp. 3d 1097, 1104 (S.D. Cal. 2016).

If the employee meets their initial burden, "the burden then shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action." Gannon, 422 F. Supp. 2d at 508; See also Munoz, 182 F. Supp. 3d at 1104. In other words, "a facially neutral reason for the employer's adverse action defeats the claim under §4311." Mace v. Willis, 259 F. Supp. 3d 1007, 1021 (D.S.D. 2017), aff'd, 897 F.3d 926 (8th Cir. 2018).

Claimant cannot meet his initial burden, and, even if he could, Gopuff has shown that legitimate reasons, standing alone, induced Claimant's termination as part of the reduction in force. As such, Gopuff is entitled to judgment in its favor as to Claimant's discriminatory termination claims under USERRA and the PMAA.

1.       *Claimant Has Failed to Establish that his Military Service was a Factor, Much Less a Substantial or Motivating One, in his Termination as Required to Make a Prima Facie Claim of Discrimination.*

Claimant has not and cannot show that his military service was a motivating factor in his termination and, therefore, cannot establish a claim for discriminatory termination under USERRA or the PMAA.  Claimant has not presented any direct evidence of discrimination based on his military service nor has Claimant shown circumstantial evidence that would suggest his military service was a motivating factor in his termination.  The record is devoid of any express or implied hostility towards Claimant's military service.  In fact, Claimant testified that he chose Gopuff due to its support for his military service, was routinely granted paid military leave (even though Gopuff's Military Leave Policy provides for unpaid military leave), and was promoted while on military leave.  SOF at ¶¶ 6, 10-11, 16, 21-23.

Likewise, Claimant has not and cannot show that he was treated differently than other employees where approximately 383 other employees, including dozens of other software engineers, were also terminated in the reduction in force.  See SOF ¶¶ 34-35*;* Vargas, 2017 WL 2935757 at *6 (holding that no reasonable jury could conclude that the decision to terminate 121 employees, including plaintiff, was an adverse action motivated by plaintiff's military service).  Claimant acknowledged that his position with Gopuff was eliminated as part of a reduction in force and has provided no evidence that the individuals involved in conducting the reduction in force even knew about his military service, let alone considered it in the decision-making process.  See SOF at ¶¶ 31-32, 38, 40.  In fact, Claimant's military service was not considered in deciding to include Claimant in the reduction in force.  See SOF at ¶ 32.

The timing of Claimant's termination in connection with the reduction in force is also not suggestive of discrimination, because Claimant had been an active service member throughout

his employment and was routinely granted military leave.  Rademacher v. HBE Corp., 645 F.3d 1005, 1011 (8th Cir. 2011) (Timing of employee's termination did not support finding of discriminatory animus where the employee served in the Air Force reserves for almost three years during his employment and his employer routinely granted his requests for military leave); SOF at ¶¶ 6, 9-11.

Ultimately, Claimant has presented no evidence that his taking military leave negatively impacted his career with Gopuff in any way, let alone impacted the decision to terminate Claimant's employment along with **383 other employees in HQ**.  SOF at ¶ 34.  To the contrary, Claimant's testimony demonstrates that Gopuff went above and beyond to support Claimant in his military service.  **In fact, as Claimant explained, he was promoted by Gopuff while on active-duty deployment**.  See SOF at ¶ 16.  Moreover, Gopuff continued to pay Claimant while he was deployed despite their Military Leave Policy indicating that military leave is unpaid.  SOF at ¶¶ 11, 21-13.  For the first ninety days of Claimant's deployment, Gopuff paid him his full salary despite Claimant performing no work for Gopuff during that period.  See SOF at ¶ 21.  After that initial ninety days, through the date that Claimant's position was eliminated, Gopuff paid Claimant the difference between his salary with the Army and his base pay with Gopuff.  See SOF at ¶ 22.

Thus, based on the foregoing and consistent with Claimant's testimony in which he did not assert a discriminatory termination claim, Claimant has failed to establish that his military service was a motivating factor in the decision to terminate his employment.  As such, Respondent is entitled to judgment in its favor as to Claimant's discriminatory termination claim under USERRA and the PMAA.

2.    *Gopuff has established a facially neutral reason for the termination of Claimant's employment, and Claimant has offered no evidence to undermine Gopuff's stated reason for the termination of Claimant's employment.*

Given Claimant's inability to establish that his military service was a motivating factor in the termination of his employment, the analysis can end there, and Claimant's discriminatory termination claims under USERRA and the PMAA can be dismissed. Notwithstanding the foregoing, Gopuff can, and has, established a facially neutral reason for the termination of Claimant's employment, and Claimant has failed to provide any evidence to undermine Gopuff's reason for the termination of Claimant's employment.

At the beginning of 2024, Gopuff made the decision to reduce its HQ headcount in order to reduce costs. See SOF at ¶ 24. Each department was given a directive to reduce spending such that the organization's overall HQ spending would be cut by at least 50%, primarily through the reduction in headcount, which resulted in a reduction in force on May 16, 2024. See SOF at ¶¶ 25-26. Claimant's employment was terminated in connection with the May 2024 reduction in force, which led to approximately 384 employees being terminated – over 50% of Gopuff's HQ workforce. See SOF at ¶¶ 31, 34, 38. The decision was made to eliminate Claimant's position primarily based on the costs associated with his employment, his status as "middle management," and the fact that driver forecasting portal on which Claimant worked was deprioritized. See SOF at ¶¶ 27-31. Claimant's inclusion in a reduction in force is a facially neutral reason for the termination of Claimant's employment. Ferguson v. Walker, 397 F. Supp. 2d 964 (C.D. Ill. 2005) (Granting summary judgment in favor of employer where it was reasonable for plaintiff to be terminated due to budgetary concerns).

Finally, Claimant has not shown any inconsistencies in Gopuff's proffered reason for his termination that would suggest discriminatory animus. Claimant confirmed that his termination

took place in connection with a reduction in force that included a number of other Gopuff employees – approximately 383 other Gopuff employees. See SOF at ¶ 38-40. Further, Complainant acknowledges that there had been other reductions in force that had led to the termination of his team members, but not Claimant, all while claimant took periodic military leaves. See SOF at ¶ 43.

Thus, based on the foregoing, Claimant cannot establish a claim of discrimination in violation of USERRA or the PMAA. Therefore, the Court should enter summary judgment in favor of Gopuff as to Claimant's discriminatory termination claims in Counts II and III of the Complaint.

> **C.**     **Summary Judgment Should Be Granted in Favor of Gopuff on Claimant's §§ 4312 and 4313 Claims Because Gopuff Returned Claimant to the Appropriate Position Under USERRA's Escalator Principle.[2]**

>> *1.*     *Claimant has not met his Burden of Establishing a Prima Facie Claim for Failure to Rehire under USERRA or the PMAA.*

Section 4313 of USERRA provides for the reemployment of members of the uniformed services upon their return from military leave. To be eligible for the protections of § 4313, a Claimant must meet the threshold requirements of § 4312, which reads:

> (a) Subject to subsections (b), (c), and (d) and to section 4304, any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if—

>> (1) the person (or an appropriate officer of the uniformed service in which such service is performed) has given advance written or verbal notice of such service to such person's employer;

---

[2]     As stated in Footnote 1, the PMAA is interpreted consistently with USERRA. Therefore, to the extent that Claimant alleges failure to rehire under the PMAA, such claims fail on the same grounds as Claimant's failure to rehire claims under USERRA.

(2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and

(3) except as provided in subsection (f), the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e). 38 U.S.C.A. § 4312 (West)

Section 4312 sets forth the first step in a two-part analysis of a claim for failure to rehire under USERRA. The burden begins with the servicemember, who must show that (1) they gave notice to their employer when leaving for their military service; (2) that their military service kept them away from their civilian job for less than five years total; and (3) they timely applied for reemployment upon their return. See Sutton v. City of Chesapeake, 713 F. Supp. 2d 547, 550, 555 (E.D. Va. 2010). The third prong of this prima facie showing requires the employee to "either report to work or submit an application for reemployment." Sutton, 713 F. Supp. 2d at 555. A servicemember's failure to satisfy any one of these three prongs defeats their prima facie claim. See United States v. Nevada, 817 F. Supp. 2d 1230, 1241 (D. Nev. 2011) (Servicemember's failure to apply for reemployment outside of the Controller's Office entitled the State to summary judgment on the servicemember's failure to rehire claims with regard to all other offices); Hays v. Commc'n Techs., Inc., 753 F. Supp. 2d 891 (S.D. Iowa 2010) (granting summary judgment in favor of employer on servicemember's failure to reemploy claims where the servicemember failed to provide proper notice to the employer as required under USERRA); see also McGuire v. United Parcel Serv., 152 F.3d 673 (7th Cir. 1998) (Granting summary judgment on employee's failure to rehire claims under USERRA in favor of employer where employee failed to submit an application for reemployment as required by the statute).

While the protections of USERRA are "liberally construed" for the benefit of service members, "such liberal construction of the USERRA's application requirement is not without limitations." Jimenez v. Holbrook Plastic Pipe Supply, Inc., 761 F. Supp. 3d 500, 508 (E.D.N.Y. 2024) (citing Serricchio v. Wachovia Sec., LLC, 556 F. Supp. 2d 99, 105 (D. Conn. 2008)).  For example, a servicemember's inquiry as to the procedures for reemployment without further follow-through with the appropriate hiring personnel falls short of the application for reemployment requirement of USERRA.  See McGuire, 152 F.3d at 678.  Likewise, a servicemember's conditional request for reemployment is not a sufficient application under USERRA.  See Jimenez, 761 F. Supp. 3d at 508. (citing Baron v. U.S. Steel Corp., 649 F. Supp. 537, 541-42 (N.D. Ind. 1986)).  Given this background, Claimant's failure to take any steps to reapply, whatsoever, is fatal to his claims.

Claimant admits that he did not notify Gopuff of his return from service, nor has he reapplied for a position with Gopuff at any point since his deployment ended.  See SOF at ¶¶ 46-47.  The clear text of USERRA requires the servicemember to return to work or otherwise submit an application for reemployment.  38 U.S.C.A. § 4312.  Where, as here, the plain meaning of the statutory text is clear, "the sole function of the courts…is to enforce it according to its terms." Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1106 (6th Cir. 2010) (The plain text of USERRA supported servicemember's right to waive his claims under the statute and servicemember's signing of a release to that effect precluded his ability to bring USERRA claims against his former employer).

Thus, based on the foregoing, Claimant cannot establish a prima facie claim of failure to rehire in violation of USERRA or the PMAA.  Therefore, the Arbitrator should enter judgment in favor of Gopuff as to Claimant's claims in Counts I and III of the Complaint.

2.    *Gopuff Properly Applied USERRA's Escalator Principle which Resulted in Claimant's Termination.*

Even if Claimant could establish that he properly reapplied for a position with Respondent upon his return from military leave, Claimant cannot establish a prima facie failure to rehire claim under USERRA or the PMAA because he cannot demonstrate that Gopuff failed to restore him to the proper position under USERRA's escalator principle.  Therefore, Claimant's failure to rehire claims fail.  See Milhauser v. Minco Prods., Inc., 855 F. Supp. 2d 885, 903 (D. Minn.) (the plaintiff's USERRA claim failed because the plaintiff did not fulfill his burden to prove that the defendant failed to reemploy him in the appropriate position where he was included in a reduction in force while on military leave); Millhauser v. Minco Prods., Inc., 701 F.3d 268, 273 (8th Cir. 2012).

The terms governing the service member's reemployment vary based on the length of their military leave.  Where, as here, the period of service exceeded 90 days, USERRA calls for reemployment in the following priority:

> A)     The position off employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or
>
> B)     In the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of  apposition referred to in subparagraph A after reasonable efforts by the employer to qualify the person. 38 U.S.C.A. § 4313(a)(2)(A-B)(West).

This approach to reemployment is referred to as the escalator principle because, depending on the circumstances, its application "may cause an employee to be reemployed in a

higher or lower position, laid off, ***or even terminated***." 20 C.F.R. §1002.194 (emphasis added).[3]

For instance, the "escalator principle could deliver an employee into 'layoff status' if the

'employee's seniority or job classification would have resulted in the employee being laid off

during the period of service, and the layoff continued after the date of reemployment." Michael

Vahey v. Gen. Motors Co., 985 F. Supp. 2d 51, 57 (D.D.C. 2013) (quoting Rivera-Melendez v.

Pfizer Pharms., LLC, 730 F.3d 49, 2013 WL 5290017, *4 (1st Cir. 2013)). Ultimately, the

purpose of the escalator principle is to place the returning servicemember into the position that,

"if not for the period of uniformed service, the employee could have been promoted (or,

alternatively, demoted, transferred, or laid off) due to intervening events." Milhauser, 855 F.

Supp. 2d at 892 (*citing* 20 C.F.R. § 1002.191); See also Rogers v. City of San Antonio, 392 F.3d

758, 763 (5th Cir. 2004).

Significantly, USERRA is not a veteran's preference statute. Burroughs v. Dep't of

Army, 254 F. App'x 814, 817 (Fed. Cir. 2007); Milhauser, 855 F. Supp. 2d at 899; Vahey, 985 F.

Supp. 2d at 60. Therefore, a returning servicemember is not absolutely guaranteed

reemployment. See Milhauser, 855 F. Supp. 2d at 893 (rejecting plaintiff servicemember's

argument that he was absolutely entitled to reemployment in the position he held prior to his

leave). Even Claimant acknowledges that there are some situations in which an employer can

terminate an employee who is on military leave. See SOF at ¶ 50. In fact, the very language of

the regulations make it clear that, "not only is termination a possible position of reemployment, it

can sometimes be a *required* position of reemployment." Milhauser, 855 F. Supp. 2d at 893

(emphasis in the original); 20 C.F.R. § 1002.194.

---

[3]    Notably, USERRA's implementing regulations specifically contemplate that employment may be terminated while on military leave if the termination would have occurred irrespective of the military leave.

As such, when considering the proper application of the escalator principle, the Court must determine whether, taking all facts in the light most favorable to the servicemember, there is a genuine dispute of material fact as to whether the employer would have terminated the servicemember in the counterfactual scenario in which the servicemember had not taken a leave of military absence. See Vahey, 985 F. Supp. 2d at 61. No such dispute of material fact exists here. There is no evidence to undermine Claimant's inclusion in the May 2024 reduction in force or otherwise suggest that he would not have been included in the reduction in force or suggest that Claimant would not have been included in the reduction in force had he not taken military leave.

It is undisputed that Claimant was terminated from employment as part of a reduction-in-force that encompassed a number of Gopuff employees, including his supervisor and dozens of other software engineers. See SOF ¶¶ 26, 31, 34-35, 38-44. In fact, the undisputed evidence shows that this reduction in force encompassed over 50% of Gopuff's HQ workforce. See SOF at ¶¶ 33-34. Given the cost of maintaining Claimant's employment, his status as middle management, and the fact that the driver forecasting portal was deprioritized, which Claimant worked on, the decision was made to terminate Claimant's employment. See SOF at ¶¶ 25-31. Given the foregoing, any faithful application of the escalator principle would have returned Claimant to terminated status. Thus, Gopuff properly applied the escalator principle and complied with the statutory requirements. See Milhauser, 71 F.3d at 272 (holding that "[t]he jury's finding that the plaintiff's position of employment would have been termination had he not left for military service is entirely consistent with USERRA's text and its implementing regulations….Other courts have upheld termination as the 'position of employment' that the employee would have had if his employment not been interrupted by military service"). Further,

Claimant has provided no evidence that the decision-makers knew of his military leave, let alone considered it in selecting Claimant for inclusion in the reduction in force.

Therefore, based on the foregoing, Claimant cannot establish his prima facie claims under Section 4313 of USERRA because Claimant was returned to the position he would have had but for his military leave. See Milhauser, 701 F.3d at 272-73. Thus, Respondent is entitled to judgment in its favor as to Claimant's claims for reemployment under USERRA and the PMAA because no genuine dispute of material fact exists that could support a finding of liability on the part of Gopuff.

3.      *The Reduction in Force was a Sufficient Change in Circumstances to make Claimant's Reemployment Unreasonable Under USERRA.*

Even if Claimant was able to establish a prima facie failure to rehire claim under USERRA or the PMAA, which he has not, Gopuff is entitled to summary judgment on Claimant's failure to rehire claim because Gopuff has established that the reduction in force was a sufficient change in circumstances to excuse performance under USERRA.

USERRA excuses an employer's obligation to reemploy a servicemember where, "the employer's circumstances have so changed as to make such reemployment impossible or unreasonable." 38 U.S.C. § 4312 (d)(1)(A). In doing so, the statute "counterbalance[s] the protection of military servicemen and women with the reality of changing business needs and employee/employer relationships that would make reemployment unreasonable." Nevada, 817 F. Supp. 2d at 1242 (citing Hays 753 F. Supp. 2d at 899 (S.D. Iowa 2010)). "The purpose of this exemption is to allow employers who have eliminated a reservist's position or otherwise drastically changed their business to avoid rehiring someone for a job that no longer exists." Nevada, 817 F. Supp. 2d at 1230 (citing Cole v. Swint, 961 F.2d 58, 60 (5th Cir. 1992)). The

prime example of when this exception applies is, "where there has been an intervening reduction in force that would have included that employee." 20 C.F.R. § 1002.139.[4]

It is undisputed, as set forth in greater detail above, that Claimant was laid off as a large-scale reduction in force that impacted over half of Gopuff's HQ employees and resulted in the elimination of Claimant's position (in part because the function Claimant supported, the driver forecasting portal, was deprioritized). See SOF at ¶¶ 24-29, 31, 34, 38. Thus, in order to have retained Claimant, Gopuff would have had to rehire him for a role that no longer existed to support a function that no longer existed. The plain statutory language of USERRA makes it clear that Gopuff was not obligated to do so. Moreover, Claimant's own testimony makes it clear that he did not expect Gopuff to re-hire him under such circumstances. See SOF at ¶¶ 38-39, 50.

As no genuine material dispute exists as to the fact that Claimant was laid off during an intervening reduction in force that would have included him regardless of his military service, summary judgment must be granted in favor of Gopuff as to Counts I and II of Claimant's Complaint.

---

[4] Some courts have evaluated the elimination of a service members position in a reduction in force at the prima facie stage and others have evaluated it in connection with a company's affirmative defense under 38 U.S.C. § 4312 (d)(1)(A). That distinction is immaterial for our purposes because Claimant has failed to establish his prima facie case **_and_** Respondent has established its affirmative defense.

## V.    <u>CONCLUSION</u>

As a result of the foregoing, Gopuff is entitled to summary judgment in its favor with respect to all claims in Claimant's Complaint.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Date: July 28, 2025                    By:    <u>/s *Michael R. Galey*</u>
                                              Michael R. Galey, Esquire
                                              Chelsea L. Smith, Esquire
                                              Two Logan Square, 12th Floor
                                              100 N. 18th Street
                                              Philadelphia, PA 19103
                                              mgaley@fisherphillips.com
                                              clsmith@fisherphillips.com

                                              *Counsel for Respondent GoBrands, Inc. d/b/a Gopuff*