# EXHIBIT G

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| **DARRYL MENDILLO** | : | No.  2:24-cv-04908 |
| | : | |
| Claimant | : | Arbitrator Francine F. Griesing, |
| | : | Esq. |
| v. | : | |
| | : | |
| **GOBRANDS, INC. D/B/A GOPUFF** | : | |
| | : | |
| | : | |
| | : | |
| Respondent. | : | |

## RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT

The Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4301, et seq. ("USERRA"), provides certain employment protections to members of the military. Relevant to this case, USERRA provides servicemembers with two key protections.

First, "Sections 4312 and 4313 [of USERRA], the 'reemployment provisions,' entitle service members to reemployment after military service and prescribe the positions to which they are entitled upon returning." *Kelosky v. Borough of Old Forge*, 66 F.Supp.3d 592, 610 (M.D. Pa. 2014) (quoting *Petty v. Metro. Gov't of Nashville & Davidson Cnty. (Petty II)*, 687 F.3d 710, 716 (6th Cir.2012)).

Second, Section 4311(a) of the USERRA protects a servicemember from adverse employment decision because of his military service. 38 U.S.C. § 4311(a) ("[a] person who is a member of ... a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership."

The Motion for Summary Judgement should be denied several reasons. To begin, to succeed on his claims under Section 4312 and 4313, claimant need only show that he was denied reemployment after his military service was completed and that his previous position had not been eliminated so as to make reemployment impossible. He need not show that his military service was the reason he was not reemployed. Next, in all events, genuine disputes of material fact remain regarding whether the claimant's military service was a motivating factor in the respondent's adverse employment actions. Claimant has presented enough evidence that his military service was a motivating factor in the respondent's decision to terminate and further, the respondent has not presented any evidence that it would have taken the same action had Mr. Mendillo not been on active deployment.

### A.    CLAIMANT'S COUNTERSTATEMENT OF THE CASE

From May 2021 to April 2024, Claimant Darryl Mendillo ("Mendillo") was employed by claimant GoPuff.  Mendillo started as a software engineer II. responsible for the driver forecasting portal until April of 2024. Resp. Statement of Undisputed Material Facts ("Resp. Facts") at ¶¶ 5, 8. In February 2024, GoPuff promoted Mendillo to the position of senior software engineer. Mendillo dep., 46:6-9.

 Throughout his employment with GoPuff, Mr. Mendillo was also a member of the New Jersey Army National Guard. Resp. Facts, ¶ 9.  In May of 2023, MrMendillo informed GoPuff that he had received orders for active deployment effective January 25, 2024 and he would return from active-duty status on January 30, 2025.  *Id.*, ¶¶ 11-13. However, while on active duty, GoPuff terminated Mr. Mendillo. *Id.*, ¶ 31.

B.    ARGUMENT

1.    **Standard of Review.**

The parties have agreed to proceed under the American Arbitration Association's Under Employment Arbitration Rules.[1] R. 32(b) states "where a party makes a dispositive motion, the arbitration should grant the motion "only if the arbitrator determines the moving party has shown that the motion is likely to succeed and to dispose of or narrow the issues in the case." GoPuff has not shown it is likely to succeed at the arbitration on its affirmative defenses to warrant granting of its dispositive motion.

2.    **Background on USERRA**

"Enacted in 1994, 'USERRA is the latest in a series of laws protecting veterans' employment and reemployment rights.'" *Vahey v. Gen. Motors Co.*, 985 F. Supp. 2d 51, 57 (D.D.C. 2013) (quoting 20 C.F.R. § 1002.2). "Many courts have noted that ***USERRA's protections 'should be broadly construed*** in favor of military service members as its purpose is to protect such members.'" *Id.* (citations omitted) (emphasis added) "The purpose of USERRA is to (1) encourage noncareer military service by 'eliminating or minimizing the disadvantages to civilian careers,' (2) minimize the disruption of servicemembers and their employers 'by providing for the prompt reemployment' of servicemembers, and (3) prohibit discrimination against servicemembers." *Id.*

---

[1] Respondent has filed a motion for summary judgment predicated on the Federal Rules of Civil Procedure. Respondent has not explained why the Federal Rules of Civil Procedure apply to this case.

3

For servicemembers, like Mr. Mendillo, who spend more than ninety days in the military, Section 4313(a)(2) of USERRA requires reemployment 'in the position of employment in which [the servicemember] would have been employed if the continuous employment of such person with the employer had not been interrupted" by military service. 38 U.S.C. § 4313(a)(2)(A).'" *Id.* at 57.  USERRA also provides that reemployment is not required if "the employer's circumstances have so changed as to make such reemployment impossible or unreasonable." *Id* (quoting 38 U.S.C. § 4312(d)(1)(A).  "When invoking this defense, the employer "**shall have the burden of proving the impossibility or unreasonableness" of reemployment**." *Id.* (quoting § 4312(d)(2)) (emphasis added).

Also, "USERRA contains a "catch-all" discrimination provision, providing that a returning servicemember "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of" their military service. *Id.* at 58; 38 U.S.C. § 4311(a)." "An employee who makes a discrimination claim under USERRA bears the initial burden of showing by a preponderance of the evidence that his 'membership ... or obligation for service in the uniformed services' was a substantial or motivating factor in the adverse employment action." *Potts v. Howard Univ. Hosp.*, 843 F.Supp.2d 101, 104 (D.D.C.2012) (quoting 38 U.S.C. § 4311(c)), aff'd, 493 Fed.Appx. 114 (D.C.Cir.2013). Once "the employee successfully makes that prima facie showing, the employer can avoid liability by demonstrating that it would have taken the same action anyway for a valid reason, without regard to the employee's military service." *Id.* The decision to

terminate an employee because of his or her military service need **only be one of several motivating factors** that lead to the employee's termination. *Id.*

### 4. GoPuff Has Not Meet Its Burden to Establish Its Affirmative Defense Is Likely to Succeed at the Close of the Arbitration.

Mr. Mendillo claims that GoPuff failed to reemploy him as required by 38 U.S.C. § 4313 of USERRA. GoPuff is wrong to argue that summary judgment must be granted because Mr. Mendillo cannot make out a "prima facie" case under Section 4313. Resp. Br., 14-16. Mr. Mendillo need not first make out a "prima facie" case under Section 4313. While GoPuff has claims that Mr. Mendillo's position was eliminated because of a company-wide reduction in force, Resp. Br., 19, GoPuff must prove those claims at trial. It cannot rely upon self-serving declarations and affidavits from witnesses that have not been deposed and who have not been subject to cross-examination at trial. *Kniaz v. Benton Borough*, 114, 642 A.2d 551, 553 (Pa. Commw. Ct. 1994) (citing *Penn Center House, Inc. v. Hoffman*, 553 A.2d 900 (Pa. 1989); *Nanty–Glo v. American Surety Company*, 163 A. 523 (Pa. 1932)) (declarations and "oral depositions of the moving party, without supporting documents, are insufficient to support a motion for summary judgment.") *Kirleis v. Dickie, McCamley, & Chilcote, P.C.*, 560 F.3d 156, 161 ("It is true that conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.");

GoPuff further argues that it is entitled to affirmative judgment on its affirmative defenses because Mr. Mendillo would have "been laid off anyway" and that Mr. Mendillo's reemployment was impossible. Resp. Br., 20-21. This belies the record. Mr. Mendillo's position as software engineer was not "eliminated." Deposition

of Matthew Heiges ("Heiges dep."), 42:3-6 ("Q. So the position of software engineer was not eliminated at GoPuff is that right? A. That's correct.") Far from it, GoPuff admits that it currently employs approximately 100 software engineers. *Id.*, 38:12-13 at Ex. "A." Worse, GoPuff admits it is openly seeking to hire more software engineers. *Id.*, 38:21-24 ("Q. And you're currently in the process of hiring Software Engineers, is that right? A. Yes.) GoPuff further admits that it is not impractical or unreasonable to hire a software engineer and software engineer is not a useless job at GoPuff. *Id.*, 38:12-20. So, it was not impossible or impractical to rehire Mr. Mendillo to his position as software engineer as GoPuff claims. To the contrary, it would be entirely consistent with its policy of "generally hiring [software engineers] if someone leaves the company." *Id.*, 40:1-3.

### 5.  GoPuff Has Not Met Its Burden of Establishing Mr. Mendillo's Military Service Was Not a Motivating Factor in his Termination.

GoPuff characterizes Mr. Mendillo's termination as part of a routine "reduction in force" that led to the layoffs of multiple employees. GoPuff does not train its human resources employees on compliance with USERRA. *Id.*, 27:2-5. Mr. Heiges could not say why Mr. Mendillo was terminated. *Id.*, 28:24-25, 29:1-5. Mr. Heiges has no idea how many active-duty military members or deployed military members work for the company. *Id.*, 33. Mr. Heiges' testimony paints a disturbing pattern of an employer ignorant at best and indifferent at worse to the rights of its employees who are military service members. GoPuff has simply not shown that it is likely to succeed on its affirmative defense that Mr. Mendillo's military service was not a motivating factor in its decision to terminate him.

## CONCLUSION

Based on the foregoing, Mr. Mendillo respectfully requests that the arbitrator deny the dispositive motion.

Respectfully submitted,

Dated:  August 25, 2025

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG, ESQUIRE
Attorney I.D. 89151
wally@zimolonglaw.com
James J. Fitzpatrick, Esquire.
Attorney I.D. 320497
james@zimolonglaw.com
Meaghan R. Wagner, Esquire,
Attorney ID 203357
Meaghan@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

7