# EXHIBIT H

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| DARRYL MENDILLO, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | NO. 2:24-CV-04908 |
| | : | |
| GOBRANDS, INC. d/b/a GOPUFF, | : | Arbitrator Francine F. Griesing, Esq. |
| | : | |
| | : | |
| Respondent. | : | |

### REPLY IN FURTHER SUPPORT OF THE MOTION OF RESPONDENT GOBRANDS, INC D/B/A GOPUFF FOR SUMMARY JUDGMENT

Respondent, GoBrands, Inc. d/b/a Gopuff ("Respondent" or "Gopuff"), by and through its undersigned counsel, Fisher & Phillips LLP, hereby submits this reply in further support of the Motion of Respondent GoBrands, Inc. d/b/a Gopuff for Summary Judgment (the "Motion") and in response to Claimant's Response in Opposition to Respondent's Motion for Summary Judgment (the "Opposition").

## I.       INTRODUCTION

Claimant's Opposition fails to present any dispute of material fact that would require this matter to proceed to a hearing. Claimant's "Counterstatement of the Case" contains eight facts, none of which are in dispute. Indeed, Claimant adopts and cites to Respondent's Statement of Undisputed Facts ("SOF") throughout his "counterstatement."[1] The remainder of the Opposition is equally insufficient to establish an issue of fact that would necessitate a hearing in this matter.

Claimant's primary argument is that he bears no burden of proof in this matter. In short, Claimant's position is that, at this stage of the case, he presents allegations and has no further

---

[1]       Notably, the Opposition was delayed so that Claimant could obtain a copy of his deposition transcript, however, no new citations to Claimant's transcript appear in the Opposition.

obligation to substantiate them with evidence.  The law does not suffer from the same fantasy.

Claimant unequivocally bears the preliminary burden of proof as to both his discrimination and

failure to rehire claims.  Potts v. Howard Univ. Hosp., 843 F. Supp. 2d 101, 104, 106 (D.D.C.

2012), aff'd, 493 F. App'x 114 (D.C. Cir. 2013) (granting summary judgment for employer where

plaintiff, bore "the initial burden of showing by a preponderance of the evidence that his

'membership…or obligation for service in the uniformed services' was a substantial or

motivating factor in the adverse employment action," and failed to do so.); Sutton v. City of

Chesapeake, 713 F. Supp. 2d 547, 550 (E.D. Va. 2010) ("The Plaintiff has the burden of showing

that he has satisfied USERRA's statutory requirements and is entitled to receive the benefit of

reemployment."); Milhauser v. Minco Prods., Inc., 855 F. Supp. 2d 885, 903 (D. Minn.), aff'd,

701 F.3d 268 (8th Cir. 2012) (plaintiff's claim for failure to rehire fails because plaintiff did not

prove that defendant failed to reemploy him in the appropriate position).

Accordingly, Claimant had the burden of showing that he satisfied the statutory

requirements to be entitled to rehire.  Not only has Claimant failed to put any evidence on the

record to suggest that he fulfilled such requirements, he also completely fails to address this

argument whatsoever.  In fact, Claimant's own testimony establishes that he did not comply with

his threshold obligations under USERRA.

Further, even if Claimant had established that he was entitled to rehire, which he has not,

Claimant has not shown that Gopuff failed to rehire him in accordance with USERRA's escalator

principle.  Once again, Claimant fails to even address the fact that USERRA's implementing

regulations specifically contemplate that the escalator principal may result in termination where a

servicemember would have otherwise been terminated.

Likewise, Claimant had the burden of showing that Gopuff discriminated against him based on his military service. Claimant has not put any evidence on the record to suggest that this is the case. In fact, Claimant's own testimony establishes that Gopuff went above and beyond its legal obligations to support his military service. See SOF at ¶¶ 6, 10, 11, 16.

Instead of meaningfully engaging with the law and facts, Claimant ignores his statutory obligations, conflates the requirements of his claims, misrepresents witness testimony, misapplies the law, and attributes burdens to Gopuff that rightful belong to Claimant. Ultimately, however, Complainant fails to address the fundamental question of what material issues of fact exist that would necessitate a hearing in this matter. That is because there are none. As such, summary judgment for Gopuff on all claims is required.

## II.    ARGUMENT

### A.    Legal Standard for Responses to Motions for Summary Judgment

The party moving for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Having made such a showing, the burden shifts to the party opposing the motion to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In doing so, "the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Mullins v. Goodman Distribution, Inc., 694 F. Supp. 2d 782, 786 (S.D. Ohio 2010) citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, (1986). A party ruling on a motion for summary judgment, "is not…obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Mullins, 694 F. Supp. 2d at 786.

**B.      Claimant Did Not Fulfill the Threshold Requirements to Entitle Him to Protection Under USERRA's Rehiring Provision**

Claimant's Opposition demonstrates a fundamental misunderstanding of the mechanisms governing Claimant's failure to rehire claim.  Claimant argues that "Mr. Mendillo need not first make out a 'prima facie' case..."  See Opposition at pp. 2, 5.  This is incorrect, and Claimant's failure to establish his prima facie case is fatal to his failure to rehire claim.

For the avoidance of any doubt, Claimant's failure to rehire claim is indeed governed by §§ 4312-4313 of USERRA.  § 4312 functions as a threshold check-list that must be satisfied before any of the protections or obligations of § 4313 attach.  The Opposition completely bypasses Claimant's prima facie obligations under § 4312 and jumps directly into an analysis of Gopuff's affirmative defenses under § 4313.  Claimant's wishful thinking, however, does not absolve him of his obligations under § 4312.

Pursuant to § 4312(a)(1)(3), a returning servicemember must "submit [] an application for reemployment" upon their return from service to be entitled to the rehiring protections of USERRA.  38 U.S.C.A. § 4312(a)(1)(3); see also Scudder v. Dolgencorp, LLC, 900 F.3d 1000, 1004 (8th Cir. 2018).  While Claimant is correct that USERRA "is construed broadly and in favor of its military beneficiaries," such a generous interpretation does not excuse him from establishing his, "burden of proving that he has satisfied the statutory requirements and is entitled to receive reemployment rights."  Scudde, 900 F.3d at 1004; see also Jimenez v. Holbrook Plastic Pipe Supply, Inc., 761 F. Supp. 3d 500 (E.D.N.Y. 2024).

Tellingly, the Opposition completely fails to address Claimant's reapplication requirement.  The uncontroverted evidence, taken directly from Claimant's sworn testimony, shows that Claimant utterly failed to satisfy his statutory obligation.  Claimant did not notify anyone at Gopuff of his return from leave.  SOF at ¶ 46.  Claimant has not applied for any job

with Gopuff since the reduction in force in May 2024.  SOF at ¶ 47.  In fact, Claimant never gave Gopuff the opportunity to consider an application for reemployment because he filed this lawsuit on October 25, 2024, several months before he returned from leave and would have been eligible for reemployment.  See generally Exhibit A.

Claimant's failure to submit an application for reemployment upon his return from military leave is not an excusable error.  Courts have granted summary judgment for employers even in cases where, unlike Claimant, the returning servicemember made some discernable effort to seek reemployment which, nonetheless, fell short of the "application" contemplated by § 4312(a).  See McGuire v. United Parcel Serv., 152 F.3d 673, 678 (7th Cir. 1998) (affirming summary judgment for the employer because returning servicemember's inquiry to his supervisor about the procedure for getting his job back was not an application for reemployment); United States v. Nevada, 817 F. Supp. 2d 1230, 1241 (D. Nev. 2011) (Servicemember's application for reemployment with the Controller's Office did not provide sufficient notice to any other State agency or department such that summary judgment was warranted with respect to those agencies); Erickson v. U.S. Postal Serv., 571 F.3d 1364, 1370 (Fed. Cir. 2009) (affirming judgment in favor of employer because servicemember's expression of concern that he was unlawfully removed in violation of USERRA did not constitute a timely application for reemployment).

In light of the foregoing, Claimant has not raised an issue of material fact as to his threshold burden under § 4312 because he has produced no evidence that Claimant made a discernable attempt to apply for reemployment.  Therefore, Gopuff is entitled to summary judgment as to Claimant's failure to rehire claim.  Hays v. Commc'n Techs., Inc., 753 F. Supp. 2d 891, 898 (S.D. Iowa 2010) (Summary judgment for employer was "***required***" where

servicemember "did not comply with USERRA's reporting requirement and is not 'entitled to the reemployment rights and benefits and other employment benefits' under USERRA.") (emphasis added).

### C.    Claimant's Claims Fail Because he was Returned to the Proper Position Under USERRA and Because the Reduction in Force was a Sufficient Change in Circumstances to Excuse Performance under <u>USERRA's Rehiring Provision</u>

Even if Claimant had established that he had fulfilled the prerequisites to his failure to rehire claim, Gopuff is entitled to judgment in its favor because:  1) Gopuff returned him to the proper position, termination, under USERRA's escalator principle; and 2) Gopuff has established its affirmative defense that there was a sufficient change in circumstances such that it was excused from reemploying Claimant under the law.

To establish his failure to rehire claim, Claimant must demonstrate that Respondent failed to reemploy him in the appropriate position.  <u>Milhauser</u>, 855 F. Supp. 2d at 903.  Claimant entirely fails to address the fact that he was returned to the proper position under USERRA's escalator principle.  This is particularly noteworthy considering USERRA's implementing regulations specifically contemplate that the escalator principle may result in an employee being terminated.  20 C.F.R. § 1002.194.  Thus, Claimant has failed to establish his burden to demonstrate that he was not returned to the position he would have had but for his leave.

Instead, Claimant focuses on whether Gopuff has established its affirmative defense. Claimant's argument on this point proceeds in two parts, both of which are fatally flawed.  First, Claimant asserts that Gopuff, "cannot rely on self-serving declarations and affidavits from witnesses that have not been deposed and who have not been subject to cross-examination at

trial," in support of its affirmative defense.[2]  Opposition at p. 5.  Second, Claimant argues that Gopuff still employs Software Engineers, which is misplaced.  Opposition at p. 6.

        1.   Claimant's request that the arbitrator disregard the undisputed, record evidence is without merit.

Claimant requests that the Arbitrator disregard the statement of Kaleena Laputka - the only statement submitted by Gopuff in connection with its motion.  Ms. Laputka was identified throughout the documents produced by Respondent, in Mr. Heiges' testimony, and in the Amended Answers and Objections of Respondent GoBrands, Inc. to Claimant's Interrogatories to Respondent ("Interrogatory Responses") as someone "likely to have discoverable information regarding the reduction in force that led to the termination of Claimant's employment."  See Interrogatory Responses, attached hereto as Exhibit 1 (hereinafter "Exhibit 1").  Claimant chose not to obtain deposition testimony from Ms. Laputka.

Having failed to obtain this discovery, Claimant now seeks to exclude Ms. Laputka's testimony on the grounds that, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."  Opposition at p. 5 (quoting Kirleis v. Dickie, McCamley & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009)[3]  The Kirleis case and Claimant's citation to it, however, establish the non-moving party's burden – i.e. Claimant's burden, not Gopuff's. Further, the Kirleis court did not impose a blanket ban on the consideration of affidavits at the motion for summary judgment stage.  Rather the court distinguished "conclusory" affidavits (which are not to be considered) from affidavits which "set forth specific facts," (which are to be considered).  Id.  Like the affidavit which was found sufficient in Kirleis, Ms. Laputka's

---

[2]      Thus, Claimant's principal argument is a request that the Arbitrator ignore the undisputed evidence.

[3]      Claimant challenges Gopuff's citation to Federal Court case law while giving no explanation for why Pennsylvania case law should be applied to a claim involving Federal Law that was initially filed in Federal Court. The Federal Rules and case law from Federal Courts, however, are the closest approximation to the procedures applicable to Claimant's USERRA claims given that arbitration awards are not published.

statement "details the specific circumstances" at the heart of this dispute.  Id.  Thus, Claimant's request to exclude Ms. Laputka's statement is without merit.

Even when Claimant cites to caselaw assessing the correct party's burden, the law remains on Gopuff's side.  In Kniaz v. Benton Borough, the court explicitly stated, in upholding the grant of summary judgment, that, "summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, ***and affidavits***, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  164 Pa. Commw. 109, 114 (1994) (emphasis added).[4]  The Kniaz court ultimately found that the defendant, like Gopuff, presented sufficient evidence by submitting both testimonial affidavits and supporting documentary evidence.  Id. at 115.

Similarly, Gopuff has produced corroborating documentary and testimonial evidence (some from Claimant himself) supporting its position, generally, and Ms. Laputka's statement, specifically.  Just like the plaintiff in Kniaz, against whom judgment was entered, Claimant has presented zero basis for the exclusion of affidavit testimony and has also "failed to provide any evidentiary support for their opposition to the [Respondent's] motion for summary judgment." Id. at 116 (affirming the trial court's grant of defendant's motion for summary judgment).  As such, Claimant's request that the Arbitrator ignore the record evidence should be disregarded and judgment should be entered in Gopuff's favor.

---

[4]    Claimant cites Kniaz for the proposition that "testimonial affidavits…without supporting documents, are insufficient to support a motion for summary judgment," however, he completely ignores the fact that Gopuff did produce supporting documentation.  Thus, Claimant's citation to Kniaz is inapplicable.

2. Claimant's assertion that the existence of other Software Engineers precludes establishing Gopuff's affirmative defense is misplaced because the relevant analysis is whether Claimant's position was eliminated, not whether all positions were eliminated.

Claimant, in a conclusory fashion, asserts that Gopuff cannot establish its affirmative defense because his position was not eliminated. Opposition at pp. 5-6. In support of this argument, however, Claimant misstates the witness testimony and the applicable law. To prevail on its affirmative defense, Gopuff must show that: a) there was an intervening reduction in force; and b) that it would have included Claimant regardless of his military leave. 20 C.F.R. § 1002.139; see also Cole v. Swint, 961 F.2d 58, 60 (5th Cir. 1992). The undisputed evidence shows that: a) Claimant was terminated as part of a reduction in force; and b) this reduction in force would have included Claimant even if he was not on deployment. SOF at ¶¶ 8, 16, 18-20, 24-44.

First, Claimant argues that Gopuff still employs Software Engineers. Claimant, however, improperly broadens the scope of this analysis to Software Engineers, generally. Gopuff does not dispute that it retained some Software Engineers during the reduction in force. Nor does Gopuff dispute that its current practice is to backfill those Software Engineer positions that survived the reduction in force.[5] Claimant was a Senior Software Engineer working on the driver forecasting portal. SOF at ¶¶ 8, 16. Whether Gopuff eliminated the Senior Software Engineer position working on the driver forecasting portal is the relevant analysis, and the record conclusively demonstrates that this role was eliminated in the reduction in force. The driver forecasting portal was deprioritized. SOF at ¶ 29. The position for a Senior Software Engineer

---

[5] Claimant also glosses over this part of Mr. Heiges' testimony. Mr. Heiges was clear that the Software Engineer positions that Gopuff currently hires are backfilling the positions that survived the reduction in force, not new Software Engineering positions created since May 2024. See Deposition of Matt Heiges, which is attached to the Opposition, at pp. 39:24-40:7. Further, there is no evidence whatsoever that any of the Software Engineers who have been hired perform the same function as Claimant.

tasked with that function was eliminated.  SOF at ¶ 38.  There is no evidence that any Senior Software Engineer was hired to fill that role or that any Senior Software Engineer is currently tasked with that responsibility.  Thus, there is no dispute of fact as to whether ***Claimant's*** role was eliminated.  Put simply, Claimant applies too broad a lens to the matter at hand – the relevant analysis focuses on whether Claimant's position was eliminated ***not*** whether ***all*** Software Engineers were terminated.

Second, Claimant's reliance on Mr. Heiges' testimony that it is not impractical or unreasonable to hire a Software Engineer at Gopuff is also misplaced.  As noted above, the analysis is not whether hiring any Software Engineer is impractical or unreasonable, the analysis is whether maintaining Claimant's position was impractical or unreasonable.  On that front, there is no evidence to contradict the fact that Claimant's job function was deprioritized, that this was a consideration in the reduction in force, and that, as a result, Claimant's position was eliminated. SOF at ¶¶ 29, 31, 38.  Further, Mr. Heiges' lay person testimony regarding the legally significant terms "impractical" and "unreasonable" is not sufficient to establish Claimant's argument. Torres v. Cnty. of Oakland, 758 F.2d 147, 151 (6th Cir. 1985) (Exclusion of testimony is appropriate where, "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.")

> **D.    Claimant, not Respondent, Has the Burden of Proving that Claimant's Military Service was a Motivating Factor in his Termination, and Claimant Has Presented no Evidence that his Military Service was a Motivating Factor in the Termination of his Employment**

In his Opposition, Claimant attempts to foist *his* burden onto Gopuff, however, contrary to Claimant's representations, he, in fact, "bears the initial burden of coming forward with admissible evidence from which a factfinder could reasonably conclude that [his] military service was a 'motivating factor' in the employer's challenged adverse employment decision."

Gannon v. Nat'l R.R. Passenger Corp., 422 F. Supp. 2d 504, 508 (E.D. Pa. 2006).  Claimant has put no such evidence on the record.

Claimant had every opportunity to identify evidence to support his claim that his military service was a motivating factor in his inclusion in the 2024 reduction in force, however, there is no evidence that the decision-makers were even aware of Claimant's military leave.  SOF at ¶¶ 24-32; see also Hogan v. United Parcel Serv., 648 F. Supp. 2d 1128 (W.D. Mo. 2009) (granting summary judgment for employer on plaintiff's discrimination claim where there was insufficient evidence that any decision-maker was aware of plaintiff's military service.)  The glaring absence of any such evidence on this record reflects the fact that Claimant's military service was not a factor in the high-level process for determining which roles were to be eliminated.

Claimant's citation to portions of Mr. Heiges' testimony are also misplaced for several reasons.  First, Claimant's characterizations of Mr. Heiges' testimony are misleading, at best. Claimant cites Mr. Heiges' testimony for three assertions, all of which are irrelevant and misleading: 1) that Gopuff does not train its HR employees in USERRA; 2) that Mr. Heiges does not know why Mr. Mendillo was terminated; 3) that Mr. Heiges has no idea how many active-duty military members work for the company.  Opposition at p. 6.

Gopuff does not dispute that Mr. Heiges does not recall being trained on military leaves, that Mr. Heiges is unaware of the specifics as to Claimant's inclusion in the reduction in force, or that Mr. Heiges is not presently aware of how many Gopuff employees are military personnel. While these facts are not disputed, they are, more importantly, not material to Claimant's discrimination claim.

Regarding Claimant's allegations related to training, Mr. Heiges did not testify that Respondent does not train any of its employees, he testified that he, specifically, has not been

trained as to USERRA.  <u>See</u> Deposition of Matt Heiges at p. 27: 2-5.  Moreover, Mr. Heiges testified that he is not responsible for leaves of absence and, instead, there is a separate team tasked with that function.  <u>See</u> Deposition of Matt Heiges at pp. 23:15-24, 25:3-11.  As Mr. Heiges explained in his deposition, while he is part of Gopuff's HR team, he is not responsible for processing military leaves.  <u>See</u> Deposition of Matt Heiges at pp. 23:15-24:16, 25:3-11. Further, whether Gopuff trained Mr. Heiges regarding USERRA does not establish discriminatory animus on the part of the actual decision-makers.

Regarding Mr. Heiges' knowledge of the basis for Claimant's termination, Mr. Heiges testified that he did not make the decision to include Claimant in the reduction in force.  <u>See</u> Deposition of Matt Heiges at pp. 28:24-25, 29:1-5.  Thus, Mr. Heiges' lack of awareness is irrelevant to determining whether the actual decision-makers had discriminatory animus.  There is zero evidence that has been presented by Claimant that the decision-makers possessed the requisite discriminatory animus.

Regarding Mr. Heiges' awareness of the number of active-duty military members, Mr. Heiges, again, testified that he is not responsible for processing military leaves.  <u>See</u> Deposition of Matt Heiges at pp. 23:15-24:16.  Thus, his lack of awareness is irrelevant to the analysis, and USERRA contains no requirement that Respondent keep a tally of the number of active-duty military members or, more specifically, that Mr. Heiges, who is not responsible for military leave, keep that tally.

Far from painting a "disturbing pattern" of animus, the undisputed record shows a pattern of support and generosity towards Claimant's military service above and beyond what the law requires.  It is undisputed that, at the time Claimant was hired, Gopuff's support of his military service was the deciding factor in his joining the company, that Gopuff granted him military

leave periodically throughout his employment, paid him during his military leaves (despite its policy indicating that military leave is unpaid), and even promoted him while he was on active-duty deployment.  SOF at ¶¶ 6, 10, 11, 14, 16, 23.

Thus, Claimant has failed to establish that his military service was a motivating factor in the termination of his employment.  If anything, Claimant has presented consistent evidence that Gopuff actively supported his military service.  Therefore, Claimant has failed to make out a prima facie case of discrimination, and Gopuff is entitled to judgment in its favor.

## III.    CONCLUSION

As a result of the foregoing, Gopuff is entitled to summary judgment in its favor with respect to Claimant's Complaint and requests that the Arbitrator enter judgment in Gopuff's favor as to Claimant's Complaint.

Dated: September 8, 2025                            Respectfully submitted,

*/s/ Michael R. Galey*

Michael R. Galey, Esquire
Chelsea L. Smith, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
(610) 230-2141
mgaley@fisherphillips.com
clsmith@fisherphillips.com

Counsel for Respondent
GoBrands, Inc. d/b/a Gopuff

**CERTIFICATE OF SERVICE**

I, Michael R. Galey, Esquire, hereby certify that on this 8th day of September, 2025, a true and correct copy of the foregoing Reply in Further Support of the Motion of Respondent GoBrands, Inc. d/b/a Gopuff for Summary Judgment, and any and all exhibits thereto, were filed via the American Arbitration Association's electronic filing system and were served upon the following attorneys via the American Arbitration Association's electronic filing system:

James J. Fitzpatrick, Esq.
Walter S. Zimolong, Esq.
Zimolong LLC
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842
james@zimolonglaw.com
wally@zimolonglaw.com
Counsel for Claimant


                                    /s/ Michael R. Galey
                                    Michael R. Galey, Esquire