**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DARRYL MENDILLO,

      *Petitioner,*

    v.

GOBRANDS, INC. d/b/a GOPUFF,

      *Respondent.*

CIVIL ACTION
NO. 25-7184

**Pappert, J.**                              **March 18, 2026**

**<u>MEMORANDUM</u>**

Darryl Mendillo arbitrated claims against GoBrands, Inc. d/b/a Gopuff for firing him.  An arbitrator entered judgment against Mendillo, and he petitioned the Court to vacate the arbitration award and remand to arbitration.  Gopuff then moved to confirm the award and sanction him under 28 U.S.C. § 1927 for filing a meritless petition.  The Court denies Mendillo's petition and grants Gopuff's motion to confirm the award, but denies the request for sanctions.

I

In May of 2021, Darryl Mendillo started working for Gopuff.  *See* (Gopuff Emp. Agreement at 12–13, Pet'r's Ex. A, Dkt. No. 1-1.)  He signed an employment agreement with an arbitration clause that stated: "[A]ny dispute or claim relating to or arising out of my employment relationship with [Gopuff] . . . shall be fully resolved by confidential, binding arbitration conducted by a single neutral arbitrator through the American Arbitration Association ("AAA") pursuant to the AAA's Employment Arbitration Rules." (*Id.* § 14(A).)  The clause "empowered" the arbitrator "to award all remedies otherwise

1

available in a court of competent jurisdiction and any judgment rendered by the arbitrator may be entered by any court of competent jurisdiction." (*Id.*)

Mendillo sued Gopuff in September of 2024, alleging it fired him while he was deployed to Iraq in violation of the Uniformed Services Employment and Reemployment Rights Act. (Pet. ¶¶ 7, 9, Dkt. No. 1.) A month later, he voluntarily dismissed his complaint so he could arbitrate his claims in accordance with the employment agreement. (*Id.* ¶ 10.) The AAA appointed Francine Griesing as arbitrator, (*id.* ¶ 14), and she held a preliminary management conference with the parties. She told them to propose dates for a scheduling order, *see* (Jan. 14, 2025 Email from Griesing at 4, Resp't's Ex. A, Dkt. No. 8-1), and sent them a draft that included time for dispositive motions, responses and replies, *see* (Preliminary Report & First Scheduling Order at 6–7, Resp't's Ex. A, Dkt. No. 8-1). Counsel exchanged a proposed scheduling order that allowed for dispositive motions, which Mendillo's counsel called "acceptable." *See* (Jan. 23, 2025 Email from Wally Zimolong to Michael Galey at 7, Resp't's Ex. B, Dkt. No. 8-2); (Proposed Scheduling Order at 5, Resp't's Ex. B, Dkt. No. 8-2.) Griesing adopted the proposal and amended the scheduling order, each time permitting dispositive motions. *See, e.g.*, (Second Scheduling Order at 2–3, Resp't's Ex. C, Dkt. No. 8-3); (Sixth Scheduling Order at 2–3, Resp't's Ex. D, Dkt. No. 8-4); (Seventh Scheduling Order at 2, Resp't's Ex. F, Dkt. No. 8-6).

On July 28, 2025, Gopuff moved for summary judgment with respect to all claims. (Resp't's Mot. for Summ. J., Resp't's Ex. E, Dkt. No. 8-5.) Two weeks later, Griesing issued another scheduling order that provided Mendillo with more time to respond to the motion. *See* (Seventh Scheduling Order at 2). He did so, (Pet'r's Resp. in

Opp'n, Resp't's Ex. G, Dkt. No. 8-7), and Griesing scheduled oral argument on the motion, *see* (Am. Eighth Scheduling Order, Resp't's Ex. F, Dkt. No. 8-6).

That hearing occurred on September 18, 2025, and counsel objected "to the summary judgment process and stated that Mendillo was being denied an impartial hearing by having his claims adjudicated on summary motion." (Pet. ¶¶ 17–18.) Griesing purportedly "berated counsel, promptly recused herself, and terminated the hearing." (*Id.* ¶ 19.) The AAA then appointed Elliot Platt as the new arbitrator, (*id.* ¶ 20), and he held a conference on the motion a month later, (*id.* ¶ 21.) During that conference, Mendillo again objected and "demand[ed] a hearing on the merits." (*Id.* ¶ 22.) On November 20, 2025, Platt granted Gopuff's motion without an evidentiary hearing and entered judgment in its favor. (Nov. 20, 2025 Order at 4–5, Pet.'r's Ex. C, Dkt. No. 1-3.)

## II

Under the Federal Arbitration Act, a district court can "confirm, vacate, or modify" an arbitration award "under a narrow scope of judicial review." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (citing 9 U.S.C. § 9). Review of an award is "extremely deferential," and vacatur is only appropriate in "exceedingly narrow circumstances." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Section 10(a) of the FAA lists those circumstances:

(1)   Where the award was procured by corruption, fraud, or undue means;

(2)   Where there was evident partiality or corruption in the arbitrators, or either of them;

(3)   Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

3

> hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4)     Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Mendillo apparently relies on subsections (1), (3) and (4).  *See* (Pet. ¶ 24).  First, he suggests disposing of his claims by summary judgment constitutes "undue means." *See* (*Id.*).  Second, Griesing and Platt purportedly denied him opportunities to present "his evidence" at hearings.  *See* (*Id.* ¶¶ 23, 27–28).  Third, Platt "exceeded his powers under the AAA Rules" by considering and granting summary judgment.  (*Id.* ¶¶ 30–31.) But none of these arguments, even if true, clear the "high hurdle" set by § 10(a).  *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *see also Handley v. Chase Bank USA NA*, 387 F. App'x 166, 168 (3d Cir. 2010) (holding that the party seeking to vacate an award "bears a heavy burden").

## A

The Third Circuit Court of Appeals has not defined "undue means" in § 10(a)(1). *See France v. Bernstein*, 43 F.4h 367, 378 n.9 (3d Cir. 2022).  The FAA uses that term in conjunction with "fraud" and "corruption," so other circuits interpret it to require proof of intentional misconduct comparable to fraud or corruption.  *See PaineWebber Grp., Inc. v. Zinsmeyer Trs. P'ship*, 187 F.3d 988, 991 (8th Cir. 1999); *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992) (applying three-part "fraud" test to cases raising claims of "undue means"); *Am. Postal Workers Union v. United States Postal Serv.,* 52 F.3d 359, 362 (D.C. Cir. 1995) (holding that undue means is

limited to conduct "equivalent in gravity to corruption or fraud, such as a physical threat to an arbitrator").  Mendillo alleges none of that, and he points to no evidence indicating intentional misconduct on par with fraud or corruption.  He only takes issue with the arbitrators considering and granting summary judgment without a hearing. *See* (Pet. ¶¶ 12–13, 21–27).

B

Mendillo also contends the arbitrators were guilty of "misconduct," but that too fails.  Under § 10(a)(3), a court may vacate an arbitration award where the arbitrator engages in "misconduct" in refusing to hear relevant evidence or engaging in "any other misbehavior" that prejudices a party.  *See CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 245 (3d Cir. 2021) (quoting 9 U.S.C. § 10(a)(3)).  Misconduct is "conduct that so affects the rights of a party that it may be said that he was deprived of a fair hearing."  *Id.*  A "fair hearing" is one where the parties "must have notice and an opportunity to present evidence and arguments before an impartial arbitrator."  *Id.*

Mendillo fails to demonstrate any misconduct or misbehavior by Griesing or Platt.  He claims they prevented him from presenting "his evidence," *see* (Pet. ¶ 27), but he never specifies what they prevented him from presenting or what he would have presented, *see Lerner v. Citigroup*, 838 F. App'x 682, 682 (3d Cir. 2020) (affirming denial of motion to vacate because the motion "failed to explain what pertinent evidence the arbitrator allegedly refused to hear").

In any event, both arbitrators ensured Mendillo had notice and an opportunity to present his evidence and arguments.  His counsel stated a scheduling order providing for dispositive motions was "acceptable."  *See* (Jan. 23, 2025 Email from Wally Zimolong

5

to Michael Galey at 7); (Proposed Scheduling Order at 5).  Griesing issued that order and subsequent ones, all allowing for dispositive motions.  *See, e.g.*, (Second Scheduling Order); (Sixth Scheduling Order).  She gave Mendillo more time to respond to Gopuff's motion for summary judgment, *see* (Seventh Scheduling Order), which he did, arguing Gopuff had not established affirmative defenses to his claims, *see* (Pet'r's Resp. in Opp'n at 6–8).  Griesing heard oral argument on the motion, during which counsel stated his objections.  *See* (Pet. ¶¶ 18–19); (Am. Eighth Scheduling Order).  After Griesing recused herself, Platt held a conference with the parties regarding the motion, (*id.* ¶ 21), and counsel again objected, (*id.* ¶ 22.)  Platt granted Gopuff's motion a month later.[1]  *See generally* (Nov. 20, 2025 Order).

More to the point, Platt did not deprive Mendillo of a fair hearing by granting summary judgment.  The parties agreed that AAA's Employment Arbitration Rules governed the dispute, *see* (Pet. ¶ 11); (Gopuff Emp. Agreement § 14(A)), and those rules allowed the arbitrator to "make rulings upon . . . dispositive motion[s]," *see* (AAA's Emp. Arb. Rules at R-32(b), Pet'r's Ex. D, Dkt. No. 1-4).  So "fundamental fairness [was] not implicated by [Platt's] decision to forego an evidentiary hearing because of [his] conclusion that there were no issues of material fact in dispute."  *Sherrock Bros., Inc. v. DaimlerChrysler Motors Co.*, 260 F. App'x 497, 502 (3d Cir. 2008); *see also Dieffenbach v. Int'l Rehab. Assocs., Inc.*, 150 F. App'x 178, 180 (3d Cir. 2005) ("[T]he arbitrator decided the matter pursuant to the parties' [agreement], and the [agreement] permitted the issues to be heard and decided on a summary basis without a hearing."); *Cuker v.*

---

[1]    To the extent Mendillo claims the arbitrators were impartial, *see* (Pet. ¶¶ 18, 29), he offers no evidence to support that conclusion.

*Berezofsky*, No. 18-2356, 2019 WL 689592, at \*6 (E.D. Pa. Feb. 19, 2019) ("Our Court of Appeals allows summary disposition of claims in arbitration . . . .").

Mendillo relies on *Chem-Met Co. v. Metaland International, Inc.*, No. 96-2548, 1998 WL 35272368 (D.D.C. Mar. 25, 1998), but that case doesn't help him.  There, a district court vacated an arbitration award based on an arbitration panel entering summary judgment.  *See id.*, at \*4.  The AAA's Commercial Arbitration Rules governed that dispute, which—unlike the rules at issue here—did not permit dispositive motions without an evidentiary hearing.  *See id.*, at \*2.  The arbitration panel granted summary judgment before the initial discovery cut-off and without a written opinion.  *See id.*, at \*1.  Platt did none of that here, *see generally* (Nov. 20, 2025 Order), and regardless, "[a] panel of the Third Circuit refused to adopt *Chem-Met*, noting that the [AAA's] Rules offer arbitrators flexibility in conducting the proceedings," *Simons v. Brown*, 444 F. Supp. 3d 642, 652 (E.D. Pa. 2020) (citing *Sherrock Bros.*, 260 F. App'x at 501–02).

## C

Nor did Platt exceed his power in granting summary judgment.  An arbitrator does so when he "grants relief in a form that cannot be rationally derived from the parties' agreement and submissions or issues an award that is so completely irrational that it lacks support altogether."  *CPR Mgmt.*, 19 F.4th at 246 (citations omitted and modified).  In other words, "there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 295–96 (3d Cir. 2010) (citation omitted).

By granting summary judgment, Platt provided relief rationally derived from the parties' agreement and submissions.  *See CPR Mgmt.*, 19 F.4th at 246.  The AAA's rules—which Mendillo agreed would govern the dispute—authorized an arbitrator to grant summary judgment without a hearing.  *See* (Pet. ¶ 11); (AAA's Employment Arbitration Rules at R-32(b)).  The arbitrators repeatedly notified Mendillo they would consider dispositive motions on his claims, and he agreed to those terms.  *See* (Proposed Scheduling Order at 5–6); (Second Scheduling Order at 2–3); (Sixth Scheduling Order at 2–3); (Seventh Scheduling Order at 2–3).

### III

Section 9 of the FAA governs arbitration awards and provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.  Section 10 does not apply for the reasons already stated, *see supra* Part II, and § 11 provides a district court may modify or correct an award where there was "an evident material" miscalculation or mistake, the arbitrators "awarded upon a matter not submitted to them," or the award "is imperfect in matter of form not affecting the merits of the controversy," *see id.* § 11.

Confirming an arbitration award, according to the Supreme Court, "carries no hint of flexibility."  *See Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).  The analysis "begin[s] with the presumption that the award is enforceable."  *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012).  Absent any dispute about

the award, "[b]y a truncated summary proceeding, the FAA directs district courts to give their imprimatur to arbitration awards by converting them into enforceable judgments of the court." *Teamsters Loc. 177*, 966 F.3d at 255.

The employment agreement provided that "[t]he arbitrator is empowered to award all remedies otherwise available in a court of competent jurisdiction and any judgment rendered by the arbitrator may be entered by any court of competent jurisdiction." (Gopuff Emp. Agreement § 14(A).) The parties "expressly consent[ed] to the personal and exclusive jurisdiction and venue of the . . . federal court located in Philadelphia, Pennsylvania." (*Id.* § 15(A).) Platt granted summary judgment on November 20, 2025, *see* (Nov. 20, 2025 Order), and Gopuff timely moved to confirm the award on February 5, 2026, (Dkt. No. 8.) As mentioned, Mendillo has not met his burden to vacate the award, *see supra* Part II, nor does he advance any arguments to modify or correct it, *see Southco, Inc. v. Reell Precision Mfg. Corp.*, 556 F. Supp. 2d 505, 512 (E.D. Pa. 2008) (confirming arbitration award where the motion to vacate was denied).

IV

Gopuff moves to sanction Mendillo under 28 U.S.C. § 1927 for filing a meritless petition that has needlessly increased costs and fees. (Resp't's Opp'n to Pet. at 21, Dkt. No. 8.) A court may order "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" to pay "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Before doing so, however, the Court must find the "attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings;

9

and (4) [did] so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015) (citation omitted).  "A court imposing § 1927 sanctions must find bad faith, but that finding need not be made explicitly."  *Id.*

Gopuff never establishes Mendillo acted in bad faith.  Its argument is "based on the frivolous nature of Plaintiff's Petition," *see* (Resp't's Opp'n to Pet. at 22), but that conclusory assertion without more isn't enough to support a finding that Mendillo engaged in bad faith or intentional misconduct.  *See In re Prosser*, 777 F.3d at 162.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.